Snook *v.* Fries.

[MONROE GENERAL TERM, March 5, 1855. *Johnson, Welles* and *T. R. Strong,* Justices.]

———————

SNOOK *vs.* FRIES.

Where a referee does not, as required by § 272 of the code, state, in his report, the facts found and the conclusions of law separately, the omission should be supplied before bringing the case to argument.

In such a case an order will be granted, on the application of either party, requiring the referee to make a further report correcting the defect in the first.

Or, the court may, of its own motion, send the case back for a further report.

The plaintiff agreed with the defendant to make for the latter 400,000 brick during the season of 1853, for a specified sum per thousand, which the defendant agreed to pay as fast as the bricks were burned. After burning one kiln, and before completing the entire job, he abandoned the work, and sued to recover for what he had done. *Held,* that a full performance by the plaintiff was not a condition precedent to his right to demand payment; but that as soon as he had burned a kiln he was entitled to be paid therefor; and that if he afterwards left the job and refused to perform, the remedy of the defendant was by recouping, or bringing a cross-action, for the damages sustained by him.

APPEAL by the defendant, from a judgment entered upon the report of a referee. The action was brought to recover for burning a kiln of brick for the defendant, under a written agreement, by which the plaintiff covenanted and agreed to make for the defendant a certain quantity of brick, during the brick-making season of 1853, at $1.50 per thousand; the payments to be made as fast as a kiln was burned. The complaint averred that he made and burned for the defendant a kiln of good merchantable brick, amounting to one hundred and ninety-two and

one quarter thousand of brick, and that he had fully complied with the agreement, on his part, and alleged a breach by the defendant in not paying the price stipulated, for the burning of the brick. The complaint also contained a money count, for work and labor, &c. The defendant, by his answer, set up a written agreement between the parties substantially as set out in the complaint, and alleged a failure on the part of the plaintiff to perform the contract on his part, in that he had not burned the 400,000 brick specified therein; that he had burned but one kiln, and that in an improper manner, so that the brick were not merchantable; and alleged that after burning the said kiln the plaintiff abandoned the contract and refused to complete the same, whereby the defendant had sustained damages to the amount of $300.

The cause was referred to a referee, who reported that the plaintiff's claims, established before him, amounted to $332.12, and that the defendant reduced the same by book account and matters of set-off, amounting to $292.10. He therefore reported in favor of the plaintiff for the sum of $40.02.

*G. Rathbun*, for the appellant.

*J. R. Cox*, for the respondent.

*By the Court*, T. R. STRONG, J. The referee has not, as it was his duty to do by § 272 of the code, stated the "facts found and the conclusions of law separately;" and strictly the omission should have been supplied before bringing the case to argument. An order would have been granted, on the application of either party, that the referee make a further report, correcting this defect in his former one. In many instances it is highly important to a proper disposition of the case, that the provision referred to should be complied with; in almost all a compliance with it materially lessens the labor in reviewing the case; and the court will, as a general rule, insist upon the provision being observed—of its own motion when necessary, sending the case back for a further report. In the present case, as the argument

Snook *v.* Fries.

was proceeded with without objection, and as the court upon looking carefully into the evidence can decide the case satisfactorily to itself, it will not at the present stage require a further report.

By the contract between the parties, the plaintiff agreed to make for the defendant 400,000 good merchantable brick, at the yard of the defendant, during the brick-making season of 1853; to lay the brick into kilns in a proper manner, and burn the same in such a way that the brick should be of a good merchantable character, for the sum of $1.50 per thousand, to be counted in the kilns before burning; which amount was to be paid as fast as a kiln was burned. The defendant agreed to furnish the yard, and tools for making the brick, and necessary materials for the same, at his yard, and to do some other things. The plaintiff agreed to make and burn the brick as fast as he could, during the season. One item of the plaintiff's demand in this suit is, for preparing the yard by removing the rubbish and turf, and clearing the kiln ground. It is manifest from the referee allowing evidence in support of this item, and that otherwise he would not have found as he did as to the amount of the plaintiff's claims established before him, that about $80 was allowed the plaintiff for that work. The evidence upon which the allowance was made is, that about the 18th of April, 1853, the plaintiff with his men went to the yard and performed work up to about the 1st of May, leveling the yard, removing turf, and cleaning it of rubbish; that the defendant was there frequently, and once said what he thought would be for the best about fixing the yard. No proof was given of any request by the defendant to the plaintiff to do the work, or any recognition by him that the plaintiff was performing the work on his account, or that the defendant did or said any thing about the work, except as above stated. I think, upon the evidence, the item should have been wholly rejected. Assuming that the work done legally belonged to the defendant to do, the plaintiff gave a practical construction to the contract, to the effect that it was understood by the parties the work should be done by him, by himself, without notice to the defendant, or request from the

defendant, and more than two weeks before the season for making brick commenced, voluntarily entering on and completing the work. It is now too late for him to change his ground in regard to that service. But I am inclined to think that every thing done by the plaintiff embraced in the item under consideration, is fairly included within what he undertook to do by his contract.

There is no evidence that the plaintiff was employed by the defendant to build the shed, the building of which formed another item of claim, and unless the defendant did employ him, the defendant is not liable to pay for the work.

The defendant objected that the plaintiff was not entitled to recover any thing for making and burning the brick, for the reason that after burning the kiln in question he abandoned the contract. The evidence upon which the objection rests is this: one witness testified that the defendant, after the kiln was burnt, said he wanted the plaintiff to go on and make brick; that he would not say any thing about the burn if the plaintiff would go on and make brick; that the defendant said the plaintiff had got mad and gone away; that the kiln had not then been opened; that the plaintiff made no more brick after this; that the plaintiff went to the defendant on Sunday morning and asked him to pay for brick he had made, and the defendant said he would not settle with him unless he would go on and make brick. There is no conflicting evidence on this subject, and I think the fair conclusion from what is given is, that the plaintiff abandoned the work before the time when he called for payment for his work, as above stated. But a full performance by the plaintiff was not a condition precedent to his right to demand payment. He is by the express terms of the contract to be paid for making the brick as fast as a kiln is burned; and as soon as he had burned a kiln he was entitled to be paid therefor. If he has since left the job, and refused to perform, the remedy is by recouping, or bringing a cross-action, for the damages sustained by the defendant. (*Sickles* v. *Pateson,* 14 *Wend.* 257.) The case of *Johnson* v. *Wygant,* (11 *Wend.* 48,) and the cases therein referred to, are not applicable to this case.

Upon the question whether the brick burned were merchantable, the evidence is such as to preclude a review by this court of the decision of the referee.

Judgment reversed, and a new trial granted, with costs to abide the event.

[MONROE GENERAL TERM, March 5, 1855. *Johnson, Welles* and *T. R. Strong,* Justices.]