## SUPREME COURT.

MARTIAL R. HULCE agt. HENRY SHERMAN and RICHARD HUMPHREY.

Where the referee does not pass upon *all the issues* in the cause, or when he has not separately found the facts from the evidence necessary to a proper disposition *of all the issues* in the cause, the correct and settled practice, requires the application to set aside the report for either of these causes to be made, *on motion to the court at special term.*

Such errors ought not to be entertained on *appeal* from the judgment, unless the court has first refused to correct them, on special motion to refer the matter back to the referee. (*See Lakin* agt. *N. Y. & Erie R. R. Co.*, 11 *How. Pr. R.* 412.)

*General Term, July,* 1856.

SHANKLAND, GRAY *and* MASON, *Justices.*

THIS case comes before this court on appeal from a judgment rendered on the decision of a referee. There are two exceptions filed to the final decision of the referee in the case. The first is general to the finding and report of the referee that defendants are indebted to the plaintiff upon the note in controversy to the amount of $900.35, and that the plaintiff is entitled to judgment therefor, on the ground that the evidence does not sustain such finding, but on the contrary shows that the note is paid and satisfied. The second exception is that the referee has not passed upon the matters set up as a defence to the action.

DUANE BROWN, *for plaintiff*
JAMES B. ELDRIDGE, *for defendants.*

By the court—MASON, Justice. The decision of this last exception involves the correctness of our decision in *Lakin* agt. *The New-York & Erie R. R. Co.* (11 *How. Prac. R.* 412.) I concurred in the result of that decision, for I was very clear that the referee had passed upon all the issues in the cause, and

had found all the facts necessary to a proper disposition of the cause. And when I came to hear the case argued upon the appeal, I was confirmed in that opinion, as will be seen by a reference to my manuscript opinion in the final disposition of the cause. I was not, however, sufficiently attentive to the proposition laid down by my brother SHANKLAND in that case, wherein he held it was improper to move for an order referring back the cause to the referee, when he had omitted to pass upon all the issues in the cause, or find the facts from the evidence, which was necessary to a proper determination of such issues.

As I understand the practice, both before and since the Code, where the referee does not pass upon all the issues in the cause, it has been to refer the cause back to him for a further report; and since the Code, where he has not separately found the facts from the evidence necessary to a proper disposition of all the issues in the cause, the practice has been the same. The following cases may be referred to as establishing this practice: 12 *W. R.* 291; 6 *How. Prac. R.* 492; 12 *Barb. R.* 126, 127; 2 *Sanf. R.* 641; 4 *id.* 691; *Doe* agt. *Peck*, 1 *C. R.* 54, and *id.* 61; *Deming* agt. *Post, id.* 121; 1 *Whit. Pr.* 714; and I entertain no doubt that the correct and settled practice requires the application to set aside the report for either of the causes above stated to be made on motion to the court, and that such errors ought not to be entertained on appeal from the judgment.

Every court possessing authority to appoint referees has the inherent right to review their proceedings in this manner, and see that the referee pass upon the whole case. (12 *Barb. R.* 127.) An appeal to the general term, as an appellate court, is not the proper remedy for such omissions of the referee. The referee in this case has not erred in determining the question in regard to the defence set up, but has omitted altogether to pass upon it. The defendant has made this omission the ground of an exception to the report of the referee, acting upon our decision in the case of *Lakin* agt. *The New-York & Erie R. R. Co.*, (11 *How. Pr. R.* 412,) decided by us, which holds that he could not, by motion, have the cause referred back by order, to the referee,

to complete his report, or correct it in this respect; and I therefore think we should reverse the judgment, and send the case back to the referee for this 'cause. This case, however, must not be regarded a precedent authorizing the practice with us, that such errors as these are 'to be corrected on appeal, and not by motion. No appeal should lie from the judgment of an inferior court for such errors committed by referees, unless that court has first refused to correct them. The motion to refer back, in such case, is properly made at special term. (6 *How. R.* 492.)

This case is ordered reported, and then all such errors must, with us in this district, be corrected on motion to refer the matter back to the referee.

GRAY, Justice, concurred. SHANKLAND, Justice, dissented.