# SUPREME COURT.

## David D. Leffler agt. Perez H. Field and George W. Field.

In an action tried by a *referee*, nothing should be contained in the *case* on appeal, except such evidence, findings and exceptions, as are expressly allowed by the referee.

The decision of a referee in the allowance or disallowance of findings or amendments in the case, is not the subject of *exception ;* and any error made by him in the settlement of the case cannot be reviewed or corrected in that way. Upon such questions the decision of a referee is final and conclusive, and cannot be reviewed on appeal.

If either party is dissatisfied with the settlement of a case, and thinks a referee or a judge of this court, in settling exceptions or a case has made a mistake, he may move the court to open the settlement, and for leave for the referee or judge, to reconsider and review such settlement. The question is one of *practice*.

Some cases in the court of appeals, have given countenance to the idea that a party may convert any *question of fact into one of law*, or put it in such shape as to raise a question of law upon it, upon exceptions, by requesting the referee to find in a particular way upon it.

This may be done in the same way and to the same extent before *referees*, that would be proper if the case was on trial at the *circuit*, and in complete analogy to the practice and proceedings in such cases, but not otherwise.

In construing the provisions of the Code in respect to trials before single judges without a jury, and by referees, the legislature intended to assimilate such trials, to trials at the circuit before a jury, so far as practicable, and to secure to litigating parties the same rights of *exception and review*, as far as possible. That is, they designed to give to both parties, in substance and effect, the same exceptions in both modes of trial.

In either case, if the referee does not comply with the directions of the Code and rule 32 of this court, requiring him to state in his report the facts found by him and his conclusions of law separately, the report may be set aside for *irregularity ;* and if the facts found by him and stated in his report, do not warrant his conclusions of law, the judgment rendered by him, if the proper exceptions are taken, must be *reversed*.

The provision in section 268 of the Code, that the judge or referee, in settling the case, must briefly specify the facts found by him and his conclusions of law, means nothing more than that his findings be inserted in the case in such form as to allow the *review* of the questions decided by him.

It is not intended by this section of the Code, after a referee has decided a case, and made and delivered his report, to reinvest him with new judicial authority to reconsider or review the case, and make any new findings of law or fact therein in matter of substance to sustain or impeach his judgment.

The judicial functions of the referee ends when he has *delivered his report*. After that period he performs a mere ministerial duty in certifying what took place on the trial, and what he in fact did decide in disposing of the cause.

*Monroe General Term, June,* 1867.

*Before* JAMES C. SMITH, *P. J.,* E. DARWIN SMITH, JOHNSON *and* WELLES, *Justices.*

THIS action was tried by a referee; who made a report in favor of the plaintiff, upon which judgment was duly entered up, from which the defendants appealed to this court.

In preparing the case for review in this court, the defendants' attorney inserted quite a number of findings of fact besides those embraced in the referee's report, with exceptions thereto in the usual form.

In settling the case, the referee declined to find any facts other, further or different, from what he found in his report, and the defendants' attorney brought an appeal from such decision of the referee to this court.

In printing the case, the defendants' attorney retained in it the proposed findings disallowed by the referee, with his exceptions in respect to such findings, stating the fact that such findings were proposed as part of the said case, and that the referee on the settlement of the case, declined to insert the same therein, or to make any other findings than those contained in his original report.

The plaintiff's attorney moved to strike out such findings, and to dismiss such appeal. This motion, and the defendants' appeal from the decision of the referee declining to find as requested, are both brought on here together, and the cause was also on the calendar and moved for argument by the plaintiff's counsel.

T. R. STRONG, *for plaintiff.*
A. McDONALD, *for defendants.*

*By the court,* E. DARWIN SMITH, J.    If this case were otherwise in readiness for argument upon the merits, the motion of the plaintiff to strike out of the printed case such portions of the proposed findings, and the exceptions relating thereto, as were disallowed by the referee, must be granted. These findings are improperly retained in the case. Nothing should be contained in the case except such evidence, find-

Leffler agt. Field.

ings and exceptions as are expressly allowed by the referee. His decision in the allowance or disallowance of findings or amendments in the case, is not the subject of exception, and any error made by him in the settlement of the case, cannot be reviewed or corrected in that way. Upon such questions the decision of a referee is final and conclusive.

If either party is dissatisfied with the settlement of a case, and thinks a referee or a judge of this court, in settling exceptions or a case, has made a mistake, he may move the court to open the settlement, and for leave for the referee or judge to reconsider and review such settlement. The question is one of practice.

For the same reason, the appeal of the defendants from the decision of the referee must be dismissed. His decision on such questions is not the subject of review upon appeal. But the defendants' counsel on the argument asked that if his appeal could not be allowed, that the case be sent back to the referee, with directions to insert his proposed findings in the case, and that it be amended accordingly, before argument.

Divested of all questions of form and order, the point thus presented for our consideration is, whether a referee can be required months (in this case more than a year) after the decision of a case tried by him, and the delivery of his report, to make and insert in a case on exceptions presented for settlement, new and independent findings of fact or law, not embraced in his original report, and not omitted by mistake or inadvertence, and not matter of mere form?

Upon this question it seems to me that there is considerable confusion of ideas existent, arising from some of the earlier decisions of the court of appeals, that it could only review decisions of this court upon exceptions presenting simply questions of law.

To meet this view of the powers and duties of that court, as understood before the amendments of the Code of 1860, there has been in the profession a constant struggle in some shape, to convert questions of fact into questions of law, so that they might in that form, be the subject of exception

and review in that court. Some loose expressions in the
cases of *Grant* agt. *Morse* (23 *N. Y.* 324), and *Phelps* agt.
*McDonald* (26 *Id.* 83), and in some other cases in the court
of appeals, have given countenance to the idea that a party
may convert any question of fact into one of law, or put it
in such shape as to raise a question of law upon it upon
exceptions, by requesting the referee to find in a particular
way upon it.

In *Nelson* agt. *Ingersoll* (27 *How.* 1), we held that this might
be done in the same way and to the same extent, before
referee's, that would be proper if the case was on trial at
the circuit, and in complete analogy to the practice and pro-
ceedings in such cases, but not otherwise.

In considering and construing the provisions of the Code
in respect to trials before single judges without a jury, and
by referees, I think it should be held that the legislature
intended to assimilate such trials to trials at the circuit
before a jury, as far as practicable, and to secure to litiga-
ting parties the same rights of exception and review, as far
as possible. So far as relates to all proceedings upon the
trial, there is no difficulty. Parties object to evidence, and
take exceptions in one case precisely as in the other, but as
the judge or referee does not ordinarily decide on the hear-
ing, as does the jury, upon questions of fact, and the judge
and referee does not at the hearing decide the law of the
case as the circuit judge is necessarily compelled to do, so
that exceptions to his decisions can be taken at the trial.

The provisions were inserted in the Code in sections 267
and 172, requiring the judge or the referee to give his decis-
ion in writing, " which shall contain a statement of the facts
found, and the conclusions of law separately," to which the
aggrieved party may file exceptions in ten days after service
of such report.

Preserving this analogy, the facts to be found by the judge
or referee, as we said in *Ingersoll* agt. *Nelson* (*supra*), are
precisely those which would be found or affirmed by a jury
in rendering a verdict to the same effect as the decision of
a referee, and the legal conclusions found by the referee, is

the same decision upon the law that the circuit judge would have stated to the jury hypothetically, upon the same facts, upon the trial of the cause at the circuit.

The legislature, I conceive, designed to give to both parties, in substance and effect, the same exceptions in both modes of trial. The case of *Grant* agt. *Morse*, well illustrates the rule. That was an action for work and labor expended in building certain additions to the defendant's tannery. The defense was a counter-claim for damages sustained by the defendant in consequence of the negligent and unworkman-like manner in which the work was done. The referee found for the plaintiff, and the report contained no findings in respect to the defendant's counter-claim, but contained the necessary facts to warrant a judgment in favor of the plaintiff. If this case had been tried at the circuit, the judge would, in substance and effect, have instructed the jury that upon the facts stated in the report, if they were satisfactorily proved, the plaintiff was entitled to a verdict, unless the defense set up and attempted to be proved, was established to their satisfaction, and if so, their verdict should be for the defendant. A verdict in such case for the plaintiff, would affirm the facts sought to be proved by him to support his action, and by implication would negative the defense, or would be in effect a finding that such defense was not satisfactorily established. If the judge correctly stated the law to the jury, the defendant in such case would have no remedy except to apply for a new trial on the ground that the verdict was against the evidence. There would be no way in which he could convert the question of fact, fairly submitted to the jury, into one of law. Nor could he do so any more, in my opinion, when the case is tried by the referee.

The general finding for the plaintiff in such case, as Judge Comstock said in that case, " did involve a finding by him, not in terms, expressed upon all the material questions," in the case.

Take. for another illustration an action on a promissory note, with a defense of usury. The referee or judge must

find the making and delivery of the note, protest and notice of non-payment, if indorsed, and the plaintiff seeks to recover of the indorser, and the amount due, and that would be sufficient to entitle the plaintiff to judgment. If the defense of usury was not established, in his opinion, he need say nothing about it in his report, and a report for the plaintiff in such case would, by implication, be finding that the defense of usury was not established, just as much so as the verdict of a jury in such case would be a general verdict for the plaintiff upon the whole issue. In such case the judge or referee is not called upon, and cannot be required to make any distinct findings in respect to the defense in his report, or afterward.

If the defense in such case had been sustained by the referee, then he would be bound to state the facts substantiated on the trial, and upon which he founded his conclusions that the usury was established ; and so in respect to the counter-claim set up in the cases of *Grant* agt. *Morse*, and *Phelps* agt. *McDonald*.

But if in either case the referee does not comply with the directions of the Code, and of rule 32 of this court, requiring him to state in his report the facts found by him and his conclusions of law separately, the report may be set aside for irregularity ; and if the facts found by him and stated in his report, do not warrant his conclusions of law, the judgment rendered by him, if the proper exceptions are taken, must be reversed.

The provision in section 268 of the Code, that the judge or referee in settling the case, must briefly specify the facts found by him and his conclusions of law, means nothing more than that his findings be inserted in the case in such form as to allow the review of the questions decided by him.

This provision was inserted to meet the difficulty that existed before the adoption of said rule 32, in respect to the general character of the reports of judges and referees. Before the adoption of this rule, the reports ordinarily found simply the issues in favor of the plaintiff or of the defendant. The legislature could not have intended anything

more. Clearly, I think it could not, after a referee had decided a case, and made and delivered his report, reinvest him with new judicial authority to reconsider or review the case, and make any new findings of law or fact therein, in matter of substance, to sustain or impeach his judgment. The judicial functions of the referee ends when he has delivered his report. After that period he performs a mere ministerial duty in certifying what took place on the trial, and what he in fact did decide in disposing of the cause.

This case, however, clearly is not in a proper form or condition for argument, either upon the record or upon a case or exceptions, and should be sent back to the referee for revision and re-settlement. It contains no judgment, and no proper case with exceptions, save exceptions intermingled with the findings of fact proposed to be stricken out.

The findings of fact contained in said case are numbered from 1 to 25; inclusive of these findings, the 1, 2, 3, 4, 5, 6, 7, 8, 9, and the the 24th and 25th, are simple reiterations in proper form of the findings contained in the referee's report, and the remainder of said findings relate chiefly to matters of defense, tending to show that the referee erred in finding for the plaintiff.

Such findings the referee was not bound to insert, or allow to remain in the case. He should have allowed the other findings. They were essential to put the case in proper form for review in this court and in the court of appeals, and he should have allowed and retained the exceptions to his conclusions of law, if such exceptions were duly taken and filed within ten days after service of his report.

The appeal from the decision of the referee refusing to insert the defendants' findings, should, therefore, be dismissed, and the case be sent back to the referee for re-settlement of the case, by inserting therein the findings contained in his report, and the exceptions taken thereto, filed within the ten days allowed for that purpose, after service of the report in proper form, and the defendants to be allowed also to amend the record of judgment, so as to place

the case upon appeal from such judgment in proper shape for review in this court and the court of appeals, and it is ordered accordingly.