JOHN K. VAN SLYKE, Appellant, v. THADDEUS HYATT, Respondent.

The right of a party in a case tried by a referee, to have separate findings of fact and conclusions of law, is a substantial one.

Where a referee has failed to pass upon material questions of fact and law, the proper practice is to apply to the court, to send the case back to the referee, to pass specifically upon such questions or to re-settle his report. Should the application be denied, upon an appeal from the judgment, the

proceedings to obtain further findings, can be inserted in the record, and the materiality of the findings asked for, can be determined at General Term or in this court upon the appeal.

In such a case the presumption, that all material facts of which there was evidence have been found against the appellant, will not apply in respect to those matters as to which he has sought to obtain specific findings, but they will be regarded in the same manner as facts, which upon trial, the court has refused to submit to the jury.

Plaintiff, instead of adopting this course, moved to set aside the report, " or for such other or further order as should be proper;" which motion was denied.

*Held,* that the order did not necessarily dispose of the right of plaintiff to further findings, but was simply a ruling upon a question of practice, as to the mode of obtaining relief ; that it was discretionary with the court to grant the appropriate relief, under the words in the notice " for such other and further order," etc., and that the order was not appealable.

There is no sufficient ground in any case, for entertaining an appeal in this court before judgment from an order in respect to findings.

(Argued March 21, 1871 ; decided April 11, 1871.)

APPEAL from an order of the Supreme Court at General Term, affirming an order at Special Term, denying the plaintiff's motion to set aside the report of the referee, and for such further or other order as should be proper. (Reported below, 9 Abb., N. S., 58.)

The complaint in the action set forth various loans of money and negotiable paper, and also a sale of merchandise, made by one Covert to the defendant. That on account of said matters, the defendant was indebted to Covert, and that Covert had assigned his claims to the plaintiff.

The answer denied any indebtedness to Covert or to the plaintiff, and as to all allegations in the complaint not specifically answered, denied any knowledge or information sufficient to form a belief. It also set up, that before and at the time of the commencement of the action, Covert was indebted to the plaintiff for money lent to Covert at his request, in a sum exceeding the amount claimed in the complaint.

The plaintiff replied to the latter part of the answer by a general denial.

NOTE. — This case was accidentally omitted in its order in 6 Hand.—REP

Statement of case.

The referee made his report, containing no findings of fact or conclusions of law, except the following:

As matters of fact: First, that at the time mentioned in the complaint, the defendant was not indebted to Covert in any sum whatever; second, that the defendant is not indebted to the plaintiff, as alleged in this action.

And as a conclusion of law that the defendant is not indebted to the plaintiff, as alleged in this action, and is entitled to judgment against the plaintiff for his costs.

The defendant moved, at Special Term, for an order setting aside this report for irregularity, in this, that the referee had not, in his report, stated the facts found, if any, and for such other or further order as should be proper in the premises.

This motion was made upon an affidavit of the defendants' attorney, setting forth the proceedings in the action and stating, that it was tried before the referee, testimony taken, and evidence introduced before him on all the issues raised by the pleadings; that the counsel for the respective parties made their argument before the referee, and submitted the case for decision, but that he had wholly failed to determine the issues of fact or to state any findings of fact whatever. That deponent believed the referee's decision to be contrary to and unsupported by the evidence; but that in the form in which the referee's decision and report was made, it was impossible to obtain a review of his decision, or a correction of his supposed errors.

The defendant's motion was denied at Special Term; and on appeal to the General Term the order was affirmed on the ground, that the motion should have been to correct the report and not to set it aside.

From this determination of the General Term the present appeal is taken.

*C. Cheney*, for appellant. The order affects a substantial right, and is appealable. (*Matthews* v. *Jones*, 1 E. D. Smith, 429.) Either party is entitled to the findings required by section 272 of Code. (*Wright* v. *Saunders*, 28 How., 395,

396.; *Hulce* v. *Sherman*, 13 How., 411; *Rogers* v. *Beard*, 20 How. Pr. Rep., 282-285; *Peck* v. *York*, 14 How. Pr. Rep., 416; *Leffler* v. *Field*, 33 How. Pr. Rep., 390; *Tilman* v. *Keane*, 1 Abb. Rep. N. S., 23; *Snook* v. *Fries*, 19 Barb., 313.) Under the clause in notice "for such other or further order," etc., the court should have sent report back with directions to state his findings. (*Blake* v. *Eldred*, 18 How. Pr. R., 240-243; *Bonigton* v. *Lapham*, 14 How. Pr. R., 360-363; *Ridder* v. *Whitlock*, 12 How. Pr. R., 208-214; *Martin* v. *Kanouse*, 2 Abbott, 390; *Hecker* v. *Mitchell*, 5 Abbott, 454; *Barstow* v. *Randall*, 5 Hill, 518.)

*A. Monell*, for respondent. A referee is only required to find facts necessary to sustain judgment. (*Nelson* v. *Ingersoll*, 27 How., 1; *Sermont* v. *Bœtgen*, 49 Barb., 362.) The omission of appellant to request findings upon the desired points is fatal. (*Grant* v. *Morse*, 22 N. Y., 323; *Ashley* v. *Marshall*, 29 N. Y., 494; *Brainard* v. *Dunning*, 30 N. Y., 211.) A referee's decision after judgment can only be reviewed by appeal therefrom. (Laws of 1849, p. 680, § 323; *Enos* v. *Thomas*, 5 How. Pr., 361, Supreme Ct., 1850; *Comstock* v. *Rathbone*, 1 Johns., 138.)

RAPALLO, J. The frequency of appeals to this court, under the fourth subdivision of section eleven of the Code, from orders involving mere questions of practice, admonishes us, that unless we rigidly confine such appeals within the limits prescribed by that section, we shall be continually called upon to determine controversies in regard to modes of procedure in the courts below; and the time of this court will be thus consumed, to an extent, totally incompatible with the discharge of its more important duties.

We must therefore, in all such cases, dismiss the appeal, unless it clearly appears, that the determination sought to be reviewed has deprived the appellant of a substantial right, instead of simply affecting the mode of obtaining relief.

It was doubtless the right of the plaintiff to have separate findings of fact and conclusions of law inserted by the referee

in his report.  This right is secured by statute, and it is substantial, inasmuch as these findings and conclusions, enable the unsuccessful party to determine whether or not to appeal ; and in case he desires to appeal, they are indispensable to enable him to frame and serve his exceptions in due time, and to present the case in proper form for review.  (*Tilman* v. *Keane*, 1 Abb. N. S., 24 ; *Rogers* v. *Beard*, 20 Howard Pr., 282.)  The decision to the contrary in *Johnson* v. *Whitlock* (13 N. Y., 344), was based upon the then existing provisions of section 267 of the Code, relating to trials by the court. But the amendment of that section adopted in 1860 removes the foundation of that decision.

The report should contain a sufficient statement of facts, to form a basis for the conclusions of law, and substantially show the disposition made by the referee of the specific issues in the cause, or of such of them as are embraced in his determination.  A mere general conclusion of indebtedness or no indebtedness, is not a sufficient compliance with the provision of the Code, and serves none of the purposes for which it was intended.

It has been repeatedly held, however, that the insufficiency of the findings is not, of itself, a ground for the reversal of the judgment on appeal ; but that the party desiring a review must procure such findings as will raise the questions of law, which he desires to present to the appellate court.  (*Brainard* v. *Dunning*, 30 N. Y., 211 ; *Smith* v. *Coe*, 29 N. Y., 666 ; *Grant* v. *Morse*, 22 N. Y., 323 ; 13 How. R., 411 ; 20 Howard Practice R., 282.)

It is obvious, therefore, that unless he can obtain proper findings, the defeated party is deprived of the substantial advantages of an appeal.

But it does not appear in this case that the plaintiff's right to such findings was denied by the court below.  Its decision simply was, that it would not set aside the report on account of the insufficiency of the findings.  The motion was to set aside the report, and for such other or further order as should be proper.

The denial of that motion is not equivalent to the denial of a motion for further findings.

The decision in *Tilman* v. *Keane* (1 Abb., N. S., 24), rendered by the same learned judge who delivered the opinion of the court in this case at General Term, shows that, if the motion had been for further findings, or to send back the report for correction, it would have probably been granted.

There are some cases in the books, in which the report has been set aside as irregular for want of any findings of fact. (1 Code Rep., 54; id., 121; 4 Sandf. S. C., 691; 33 How. Pr., 385.) But where the objection is to the sufficiency of the findings, it has been often held, that application should be to correct the report by inserting further or more specific findings. (13 How. Pr., 411; 6 id., 492; 20 id., 285; 19 Barb., 313; *Lefler* v. *Field*, 50 id., 407; 30 N. Y., 211, 216.) Whether the remedy in this case should have been sought in one form or the other, was a mere question of practice, the determination of which, did not necessarily dispose of the right of the plaintiff to further findings.

It is claimed, however, that under the words, "and for such other and further order," etc., in the notice of motion, the court should have granted the relief to which the plaintiff was conceded to be entitled. It undoubtedly might have done so with great propriety, either at Special or General Term, as the moving affidavit clearly disclosed the occasion for such relief. (*People* v. *Supervisors of Delaware Co.*, March, 1871.) But we cannot say that it was a legal error, reviewable in this court, not to exercise that power. If a party has mistaken the practice, and moved for an order to which he was not entitled, it must, in general, be discretionary with the court, whether to grant other relief under these general words, or to deny the motion.

When a motion is thus denied, the party is at liberty to make a new motion for the proper relief (5 Abb., N. S., 277, *Hall* v. *Emmons*, Court of App., Oct., 1870); and that course is much more appropriate than an appeal.

But there is no sufficient ground in any case for entertain-

ing an appeal to this court, before judgment, from an order in respect to findings. Until the whole case is before this court, the materiality of findings upon particular issues cannot conveniently be examined. It seems to us that the proper practice, where the referee has failed to pass upon material questions of fact or of law, is to apply to the court before the time for excepting has expired, to send the case back to the referee, to pass specifically upon such questions or to re-settle his report; and the materiality of the desired findings should, on such application, be shown to the court. The entry of judgment should be stayed, or the time to except extended, until the application is disposed of. Should the application be denied, and should an appeal be taken from the judgment, the proceedings to obtain further findings can be inserted in the record, and the materiality of the findings asked for and refused, can be determined at General Term and here, on a review of the whole case.

When the defeated party has thus endeavored to obtain proper findings, the presumption, made in ordinary cases, that all material facts of which there was evidence have been found against him, will not apply in respect to the matters as to which he has sought to obtain specific findings; but those matters will be regarded in the same manner as facts which, upon a trial, the court has refused to submit to the jury, and the consequences of such refusals can then be considered.

This appeal should be dismissed, with costs.

All concur.

Appeal dismissed.