JACOB B. TALLMAN, Respondent, *v.* CHARLES E. BRESLER, Appellant.

A party seeking by motion to obtain further findings from a referee, should clearly specify the point upon which he desires the referee to pass, and should show that a finding thereon, if in his favor, would necessarily affect the judgment, and that there was evidence upon which the referee might justly have so found.

If the point, and the evidence, which it is claimed would support a finding thereon in favor of the moving party, is thus presented, and the motion is denied, the denial must be based upon the opinion of the court that there was no evidence to sustain such a finding, or that, if made, it would not have varied the result. In either case a question of law is presented, reviewable in this court.

(Submitted April 28, 1874; decided June 19, 1874.)

THIS was a motion for a reargument.

The action was brought upon an alleged promise by defendant to pay $2,000 toward the altering and repairing of certain premises owned by him, when said work was completed.

The answer was a general denial and a counter-claim, in substance, that the premises were demised by written lease to one Sullivan, who covenanted to pay the yearly rent of $1,500 therefor, and to pay assessments; and that Sullivan sold and assigned said lease to plaintiff as collateral security for the payment of $3,700, subject to the rents, covenants, etc., of said lease; that plaintiff, as assignee, entered into possession, but has not paid the rent or assessments. It also alleged that the alterations and improvements were never completed. Plaintiff replied, denying the counter-claim.

The action was tried by a referee, who found simply the agreement as set forth in the complaint, and directed judgment for the amount claimed. His report contained no findings as to the matters set up as a counter-claim.

Defendant thereupon made a motion, at Special Term, among other things, that the report be sent back to the referee, with instructions to find upon all the issues, which motion was denied.

After the settlement of the case defendant made a further motion for a resettlement of the case, and that the referee be compelled to insert therein findings upon all the questions, etc., which motion was also denied.

Further facts appear in the opinion. ·

*H. E. Sickels* for motion. Defendant was entitled to a separate and distinct finding upon all the material questions of fact, and this right is a substantial one. (Code, § 272 ; *Van Slyke* v. *Hyatt*, 46 N. Y., 259.) The materiality of the findings sought may be determined here, on a review of the whole case on the appeal from the judgment. ( *Van Slyke* v. *Hyatt*, 46 N. Y., 259, 265 ; *Howell* v. *Mills*, 53 id., 322.) Defendant having taken the requisite steps to obtain proper findings, a finding in his favor will be presumed where there is any evidence to sustain it. ( *Van Slyke* v. *Hyatt*, 46 N. Y., 259.)

*M. H. Ellis* opposed.

RAPALLO, J. The points urged on the motion for a reargument in this case were fully considered on its original submission ; we then found no legal error on the record for which the judgment ought to be reversed, and therefore affirmed it on the opinion of FANCHER, J. The main question of fact was, whether the defendant had made an absolute promise to the plaintiff, directly, to pay him $2,000 when the work on the store then in progress should be done, provided he would go on and complete it ; or whether the defendant's obligation was merely to pay to the plaintiff, on the completion of the work, such sum as Sullivan should be entitled to under the agreement between him and the plaintiff. The referee found an absolute promise to the plaintiff, to pay to him the sum of $2,000 on the completion of the work. Whatever impression we may have formed as to the merits of the case, from an examination of the evidence, we cannot say that this finding is so wholly unsupported as to authorize us

to treat it-as a legal error.   This finding renders the state of the account between Sullivan and the defendant immaterial.

There was no evidence which would have warranted the referee in finding that the plaintiff took possession of the demised premises under the assignment of the lease to him by Sullivan, so as to make himself personally liable to the defendant for the rent.   It is quite clear that the plaintiff held this assignment only as security for the indebtedness of Sullivan to him, and that whatever rents the plaintiff received were received through Sullivan or his agent.   The counter-claim, therefore, was not sustained by proof, and it was not necessary to make any findings respecting it.

The completion of the work was positively testified to by the plaintiff, and no specific findings in respect thereto were asked by the defendant.   It is substantially embraced in the findings of the referee, and it is expressly admitted on the record, that the work was completed in accordance with the contract between the plaintiff and Sullivan, though not in accordance with the plans which had been exhibited to the defendant by Sullivan.   It does not appear, however, that the defendant's promise was conditioned upon the adoption of those plans.

No specific requests to find facts were made to the referee. After he had made his report, which contained findings upon the facts alleged in the complaint and denied by the answer, the defendant made two motions for further findings of fact and law, but stated in his notices of motion no particular points as to which he desired findings, further than to call in one notice of motion for findings upon all the issues in the action, and in another for such findings of fact and law as related to the points or claims made upon the trial, on behalf of the defendant.   Such demands are entirely too general to raise any question.   The party seeking further findings should clearly specify the point upon which he desires the referee to pass.   He should show that a finding on such point is material to the determination of the case; that if found in his favor such finding would necessarily affect the judg-

. ment, and that there is evidence upon which the referee, if he had deemed the point material, might justly have found the fact in his favor. If, under such circumstances, the court below refuses to require the referee to pass upon the specified question of fact, the case falls within the principle laid down in *Van Slyke* v. *Hyatt* (46 N. Y., 259). The refusal to order a further finding must necessarily be based upon the opinion of the court, either that the case contains no evidence which would have sustained a finding in favor of the applicant, or that if made in his favor it would not have varied the result. In either case a question of law is presented which we can review. But in the present case no such question is distinctly presented.

The motion for a reargument must be denied, with ten dollars costs.

All concur.

Motion denied.