By the Court.—Monell, Ch. J.
I think there-was sufficient evidence to justify the finding of the referee, that the agreement between the parties was for-the whole peach season of 1868. It was so alleged, substantially, in the second paragraph of the complaint, where it is stated, that the plaintiff was solicited by the defendants to consign peaches “ during the then peach season.” That seems to have been the foundation upon which the alleged agreement was made ; and the whole tenor of the testimony is susceptible of no other-construction. Indeed, it would be difficult to determine' or ascertain an average, except from an aggregation of some kind; and the reasonable interpretation of the agreement is, that the average was to be made of the-entire crop of shipments during the season for that kind of fruit. It is not claimed that each crate should realize at least seven dollars, but that the aggregate *445 receipts of all that was to be consigned, should make-such an average.
The plaintiff, in one of his letters given in evidence, indicated, I think, that he viewed the contract as a continuous one. And viewing it in that light, furnished a. reason for stopping the shipments, a reason probably satisfactory to himself, but not sufficient in law, to excuse performance on his part. He says, “ You say, if I had continued to send, I would have made up my losses.. To this it is sufficient to answer, that as soon as your acc’t sales were received, it was at once seen that they varied so widely from the telegrams that no reliance could be placed upon them (while they had also the effect of advancing the price here), and that to-continue shipments upon such unreliable statements-would involve greater losses than those already incurred.”
The contract having been found to be for the entire peach season, its performance by the plaintiff was correctly held by the referee to be a condition precedent to the maintenance of any action upon it; and the evidence was undisputed that the contract, as so found,, was not performed by the plaintiff.
It is evident, however, I think, that the plaintiff’s action was not upon any such contract as was found by the referee. He did not seek to recover the average of seven dollars a crate upon the strength of the defendant’s agreement that the peaches should average that, sum. His dealings with the defendants and treatment of the whole transaction, clearly indicate that he did not-rely upon the agreement, but upon the promise and further agreement that the defendants would inform the plaintiff by daily telegrams of the condition of the peach market, that the plaintiff might regulate his shipments thereby ; and that in pursuance of such promise, they did inform him that peaches were selling at prices far exceeding such average, and that, relying *446 on such information the plaintiff continued the consignments.
It is not necessary to determine whether, upon proof of such a state of facts, the plaintiff could recover. The referee has entirely ignored and disregarded any such cause of action, and treated it as wholly an action upon the alleged contract or guaranty that the goods should average at least seven dollars per crate. And his findings of fact are appropriate to the judgment which he has rendered, and not to a different state of facts or other cause of action.
The court sitting in review, can look only to the findings, and if they are sustained by the evidence, the judgment must be affirmed, notwithstanding the findings may be inapplicable to the cause of action stated in the complaint (Grant v. Morse, 22 N. Y. 823 ; Lewis v. Ingersoll, 1 Keyes, 347; Mosher v. Hotchkiss, 3 Id. 161). In the last case, the court say, it is not competent for the court to explore the evidence to ascertain whether there are not other facts which might have been found by the referee, and if found, would have authorized a discussion of the question suggested by the exceptions taken to the conclusions of the referee.
The referee having failed to find any fact, upon what we suppose was the real cause of the action, further or other findings might have been ordered upon motion to the special term ; or, the referee might, upon a like motion, have been required to decide upon the alleged other and only cause of action. But the question cannot be raised upon appeal from the judgment; nor can the general term send the case back to be corrected in that respect (Hulce v. Sherman, 13 How. Pr. 411; Heroy v. Kerr, 8 Bosw. 194; Van Slyke v. Hyatt, 46 N. Y. 260).
The only exceptions, beside those to the admission or rejection of evidence, were at the close of the evidence, when, upon the defendant’s motion, the referee *447 decided to dismiss the complaint; then follows .as the case slates:
“The plaintiff excepts to the rulings of the referee in dismissing the complaint; plaintiff also excepts to the report of the referee.”
These exceptions are too general (Newell v. Doty, 33 N. Y. 83); and at most, only raise the question whether upon the facts as found, the law has been properly decided (Belknap v. Sealy, 14 Id. 143-148).
There should have been specific exceptions to the conclusions of law.
I have examined the plaintiff’s exceptions during the progress of the trial, and do not find any error in the xu lings of the referee.
The judgment should be affirmed.
Curtis, J., concurred.