By the Court.—Sedgwick, J.
The complaint averred that a certain bond secured by mortgage had been made to one Hillenbrand; that the latter had assigned them to the plaintiff, and demanded the usual judgment of foreclosure.
The answer of the executors who appealed, made certain admissions, but denied that Hillenbrand had assigned the bond and mortgage to the plaintiff, and alleged that the bond and mortgage had been fully paid. Such were the issues made between the plaintiff and executors. The plaintiff did not dispute the *229 existence of a lien, in favor of the executors, upon the surplus, and. the executors did not dispute that the mortgage in question was a prior lien.
On the trial, the executors offered certain evidence as tending to show that the assignment was invalid, as against them, and as showing the nature of the interest of the executors. The offer was properly overruled, because the only issue as to the assignment was whether it, in fact, had been made as stated in the complaint, and because the trial of the issues that were made resulted in determining what was due upon the mortgage, which made it unimportant to show the nature of the executor’s interest. It would have been proper to show such interest if the plaintiff had claimed that the executors had no right to dispute on the trial the amount claimed to be due to the plaintiff upon the bond and mortgage.
An examination of the case shows that the other appellant, Walter L. Livingston, receiver, did not appear upon the trial, but as he united in exceptions to the referee’s report, and no objection was made to his being heard upon the argument of the appeal, we may consider the exception, in the light of the issues made by him.
His answer, stating its substance favorably to him, was that the mortgagor had conveyed the property to William Geery ; that in an action brought by the executors named above, William Geery had been adjudged to convey the property to the defendant Livingston, as receiver; that while this action was pending, the assignment was made to the plaintiff, who was the attorney of William Geery, for the use and benefit of William Geery, if, in fact, the assignment was made.. There was also a general denial of the allegations of the complaint, except as admitted by the answer, and a further allegation that if the mortgage was made, it had been fully paid.
*230 On the trial it appears that the executors offered in evidence the judgment-roll of the action, referred to in the answer of Walter L. Livingston, Receiver. It does not appear that any such offer was made in behalf of the Receiver; but if it had been made, the judgment should not be reversed on that account. If the judgment-roll had gone in evidence, it is said that there would be proof that the plaintiff took the assignment while he was attorney in that action for William Greery, who was the owner of the equity of redemption, and that the object of the action was to declare that the executors had an equitable lien upon William Greery’s interest in the premises, and that judgment to that effect was given in favor of the executors. The evidence offered was relevant, in my opinion, to the defense that the assignment was for the use and benefit of William Greery. If we could see that the admission of the testimony would have supported a judgment that the assignment was for the use and benefit of William Greery, it would be doubtful that there should be a new trial, because so far as the record shows, the only interest of Livingston as receiver was to defend the claim of the executors, to satisfy their demand out of the proceeds of the premises (see Bostwick v. Menck, 40 N. Y. 383). So far as that was concerned, the executors defended for themselves, and made no defense of the kind now considered. I am, however, of the opinion that if the fact had appeared that plaintiff, Clark, was at the time the mortgage was assigned to him, the attorney of William Greery, the learned judge would not have been justified, upon the whole evidence, in finding that the assignment was for the use and benefit of William Greery. The only other facts in evidence on this point were, that while Greery was the owner of the equity of redemption, one Webster, his son-in-law, made payments on the bond in his behalf ; then ceased to make further *231 payments, and put the mortgagee off from time to time; then said to the mortgagee that the plaintiff here, Mr. Clark, had the money, appointing with the mortgagee a time when he should see Mr. Clark ; that he went with Mr. Webster, and then Mr. Clark paid the consideration and took the assignment. Such testimony may create a surmise—a question—but is not strong enough to show that the money did not belong to Mr. Clark, or to put him upon explanation. Any different conclusion would be based upon the testimony, hearsay, as to the plaintiff, that Webster said Mr. Clark would pay the money, after construing that vague expression to mean that Q-eery had the money, but Mr. Clark would pay it over. The receiver, on this appeal, therefore fails to show that the exclusion of the testimony would have affected the result, or rather that if the testimony had been received, a judgment upon this issue in favor of the defense should have been sustained (Tallman v. Bresler, 58 N. Y. 123).
There was no defense, upon the pleadings that the plaintiff bought the bond and mortgage, with the intent, to put them in suit.
The learned judge, in computing the amount due, inadvertently gave interest upon interest. This arose from there being put in evidence a sum, which plaintiff paid for the mortgage, which included the principal and interest then due, and interest was calculated upon this gross sum. The judgment should be modified by deducting forty-three dollars and twenty-six cents, the amount of the error. This mistake, however, should not in this case (§ 306 of the Code, Tallman v. Bresler, supra) result in the respondent being deprived of costs. It might have been different if the attention of the judge had been pointed more specifically to the mistake.
I am of opinion that the judgment, when modified *232 as directed, should be affirmed with costs to the respondent.
Monell, Ch, J., concurred.