ELMIRA L. DOLAN, APPELLANT, *v.* WILLIAM E. MER-RITT, AS EXECUTOR, ETC., OF ELMIRA L. BEAVER, DECEASED, RESPONDENT.

*Findings of fact in a referee's report — when further findings will not be compelled.*

It is the duty of a referee to find and set forth in his report the facts upon which his conclusions of law are based; but he is not required to set forth or explain the means or processes by which he arrived at such findings of fact.

APPEAL from an order made at Special Term, sending back a report to a referee, with directions to make further findings of fact.

The action was upon a promissory note for $5,000, made by the testatrix, payable to the order of the plaintiff, her daughter. The defence was a want of consideration. The plaintiff gave evidence tending to show a money consideration to the extent of fifty cents, and also to establish a consideration from two other sources — the one, money advanced, and the other, money received under the will of Charles Avery, on the promise to pay it to the plaintiff.

The referee found, among other things: "That there was no consideration paid by the plaintiff, except the sum of fifty cents, which she paid therefor to the said Elmira L. Beaver, at the time she gave the note to plaintiff.

"That said Elmira L. Beaver, prior to the giving of said note, received from her brother Charles Avery the sum of $5,000, upon

a trust that she should pay over the same, at her death, to plaintiff, and that the aforesaid note was given to plaintiff to secure the payment of such money."

The court ordered " that the report of the referee, in this case, be sent back to the referee, with instructions and directions to find on the question of fact, whether the sum of $5,000, found by the said report to have been received by the said Elmira L. Beaver, from her brother Charles Avery, upon trust that she should pay over the same at her death to the plaintiff, was the sum of $5,000 given to the said Elmira L. Beaver, by the will of Charles Avery, which was in evidence in this case, or in what other way the said Elmira L. Beaver received the same from her brother."

*Wm. F. Purdy*, for the appellant.

*M. L. Cobb*, for the respondent.

GILBERT, J. :

I think the order appealed from, if allowed to stand, would make a very undesirable change in the practice of the court. It is the duty of a referee to find facts, not to set forth the elements from which the conclusion of fact was deduced ; in other words, to decide the disputed fact, without a statement of the evidence which governed him in doing so. Such is the statutory requirement, as the same has been uniformly interpreted. (Code of Civil Procedure, § 1022.) A referee is required to report upon the issues only, and not upon the evidence; and having reported his conclusions as to a fact, he is not called upon to find or explain the means or processes by which he arrived at such conclusions. (*Van Slyke* v. *Hyatt*, 46 N. Y., 263; 3 Wait's Pr., 307.) The rule is clearly and accurately stated in the case cited, namely, that the report should show the dispositions made by the referee of the specific issues in the cause. In the case before us the issue was whether the note was made upon a sufficient consideration. The referee found that it was so made, and also found the facts which proved the consideration thereof, namely, the sum of $5,000, which the defendant received upon a parol trust to pay to the decedent. No further finding is necessary or proper; for an

exception to the decision of the referee will, on an appeal from the judgment, bring up the whole evidence for review. Exceptions to findings of fact are useless. (*Roe* v. *Roe*, 14 Hun, 613.) If the evidence be insufficient to sustain the decision of the referee, the judgment will be reversed, otherwise it will and ought to be affirmed. The referee was not required to find whether the consideration of the note sprang from a legacy to the defendant, the amount of which she received upon a parol trust to transmit to the decedent, or from another sum of money delivered to the defendant upon a parol trust for the same purpose, because the same question would be presented by proof of either of those facts.

The order should be reversed, with ten dollars costs and disbursements.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order reversed, with costs and disbursements.