NORWEGIAN LUTHERAN TRINITY CHURCH OF BROOKLYN AND VICINITY v. KRELSOVITCH et al.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. COURTS (§ 50*)—JURISDICTION.
    A justice at Special Term for Motions has no jurisdiction to review and control the acts of another justice at Special Term for Trials, and hence a motion to compel a justice at Special Term for Trials to pass upon requests for findings of fact was properly denied.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 50.*]

2. REFERENCE (§ 101*)—FAILURE TO MAKE FINDINGS OF FACT—REMEDY.
    Where a referee has failed to make findings upon material matters, an application should be made at Special Term to remit the cause back to him, so that such findings may be made.
    [Ed. Note.—For other cases, see Reference, Dec. Dig. § 101.*]

3. MANDAMUS (§ 48*)—SUBJECTS OF RELIEF—FINDINGS OF FACT.
    Where a justice of the Special Term for Trials refuses to pass upon requests to find which have been seasonably made, mandamus will be issued by the Appellate Division to compel a decision upon such requests.
    [Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 48.*]

4. APPEAL AND ERROR (§ 259*) — SETTLEMENT OF CASE — REMARKS OF TRIAL COURT.
    Where, in a suit to quiet title, the court at Special Term made many remarks which were not excepted to, such remarks and comments were

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

properly excluded from the settled case, under Code Civ. Proc. § 1323a, providing for a review on appeal of every remark or comment of the trial court "duly excepted to."

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 259.*]

5. TRIAL (§ 23*)—REMARKS OF COURT—DUTY OF STENOGRAPHER.

Under Judiciary Law (Consol. Laws 1909, c. 30) § 295, requiring the official stenographer to take note of every remark of the trial judge, when the trial is by jury and either party requests such note, the official stenographer is not bound to notice comments of the court made in a suit to quiet title tried at Special Term.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 23.*]

Appeal from Special Term, Kings County.

Action by the Norwegian Lutheran Trinity Church of Brooklyn and Vicinity against Meyer Krelsovitch and Patrick H. Quinn, as Sheriff of Kings County. From an order denying plaintiff's motion to compel the Special Term to pass upon its requests to find, and from a further order denying plaintiff's motion for resettlement of the case on appeal, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Irving Paine, for appellant.
Samuel Frank, for respondent Krelsovitch.

CARR, J. The plaintiff appeals from two orders entered, respectively, on April 28 and June 29, 1911. This action was brought in Kings county to remove a cloud upon the title to real property situate in said county. The action was tried at Special Term, and resulted in a decision and judgment in favor of the defendants. At the close of the trial the court announced that it would grant judgment for the defendants. Thereafter the defendants served upon the plaintiff copies of a proposed decision and judgment, with notice of settlement thereof before the trial court on the 27th day of March, 1911, at 10 o'clock in the forenoon. At the time noticed for the settlement of the decision and judgment, the plaintiff submitted certain requests to find as to facts and law. Apparently all the papers, both of defendants and plaintiff, came before the trial court at the same time. The trial court refused to consider the requests to find submitted by the plaintiff, and indorsed on the back of the copy thereof, "Requests to find came too late." Thereupon the plaintiff applied for an order at Special Term for Motions, directing the Special Term for Trials to pass upon said requests to find in manner as is required by section 1023 of the Code of Civil Procedure. This motion was denied, and from the order entered accordingly on April 28, 1911, the plaintiff now appeals.

[1, 2] The order denying this motion was made properly, as it is not within the power of a justice at Special Term for Motions to review or control the acts of another justice at Special Terms for Trials. Platt v. N. Y. & Sea Beach R. Co., 170 N. Y. 451, 458, 63 N. E. 532. It is the settled practice that, where a referee has failed to make findings upon material matters, an application should be made at Spe-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cial Term to remit the case back to him in order that such findings should be made. Van Slyke v. Hyatt, 46 N. Y. 260; Lefler v. Field, 47 N. Y. 407; Rogers v. Wheeler, 52 N. Y. 262; Meacham v. Burke, 54 N. Y. 217; Woodhull v. Rosenthal, 61 N. Y. 382, 390. No precedent is to be found in which this practice is made applicable to a case tried before the court at Special Term.

[3] The plaintiff, however, is not without its remedy. If the trial court refuses to pass upon requests to find which have been made seasonably, then an application may be made to this court for a writ of peremptory mandamus to compel the performance of the duty cast upon the trial court by section 1023 of the Code of Civil Procedure, and the hearing on the appeal from the judgment may be stayed until the application for a mandamus is disposed of.

[4, 5] There is now to be considered the appeal from the order of the trial court entered June 29, 1911, which denied plaintiff's motion for a resettlement of the case on appeal. On receipt of the plaintiff's proposed case on appeal, the defendants proposed 83 amendments thereto. The plaintiff allowed 22 of the amendments, and objected to the remainder. On a settlement of the case on appeal, the trial court allowed the remaining 61 amendments proposed by the defendants. Thereupon the plaintiff moved for a resettlement of the case, in order that the trial court might change its action as to said amendments. The motion for a resettlement was denied, and hence the appeal.

In order to ascertain whether the plaintiff has any real grievance on this branch of the case, this court has been obliged to examine with care each of the 61 disputed amendments. Inasmuch as the case on appeal is very short, it is surprising that so many points of controversy could be found within so small a compass. The whole difficulty seems to have arisen from the fact that the trial court settled the case on appeal according to the minutes of the official stenographer, while the plaintiff proposed the case on appeal on the minutes of trial as taken by its own private stenographer.

The substantial difference between the parties on this appeal is that there was throughout the trial a running fire of comment by the trial court, and of colloquy between court and counsel. No exceptions were taken to the comments of the trial court. The official stenographer did not transcribe this comment and colloquy. He was under no duty to do so. Section 295 of the judiciary law requires him to take note of every remark or comment of the trial judge, when the trial is by jury and either party requests such note. Section 1323a of the Code of Civil Procedure provides for a review on appeal of "every remark or comment of the presiding judge during the trial, duly excepted to." Where there is no exception to the comment, there is therefore no necessity for including it in a proposed case on appeal, and it may be struck out as surplusage. The comments and colloquy so struck out indicate very forcibly that the court refused from the beginning credence to the testimony of the plaintiff's witnesses. The defendants produced no evidence, and, as the case was disposed of on the plaintiff's proofs alone, there will be enough before this court

in the appeal from the judgment to enable an adequate review of the court's decision, comment and colloquy excluded.

The order entered April 28, 1911, should be affirmed, without costs, and without prejudice to such other application as the plaintiff may be advised to make. The order entered June 29th should be affirmed, with $10 costs and disbursements. All concur.