■ FAIRFIELD COUNTY TRUST CO., Respondent, v. A. M. D. G. CONSTRUCTION CORP., Appellant.— In an action by plaintiff bank, a Connecticut banking corporation, against a former depositor to recover a sum paid by the bank when it certified and paid a check issued by the defendant corporation, the defendant appeals from an order of the City Court of Mount Vernon, dated June 23, 1961, which denied its motion to vacate a default judgment entered against it and for leave to file an answer. Order affirmed, with $10

costs and disbursements, without prejudice to defendant's renewal of the motion upon proper papers, if so advised. Section 218 of the Mount Vernon City Court Act provides that an appeal from a judgment entered in that court shall be to the County Court of Westchester County in an action "where a recovery of less than one thousand dollars is demanded in the complaint," and shall be to the Appellate Division of the Supreme Court in the Judicial Department in which the City of Mount Vernon is situated from a judgment in an action "where one thousand dollars or more is demanded in the complaint." The action was instituted in April, 1961. In the complaint, the plaintiff demanded "judgment against the defendant for the sum of $979.00 with interest thereon from the 22nd day of August, 1958, together with the costs and disbursements of this action." The judgment was entered on or about April 28, 1961, and was in the sum of $1,199.35. Since the principal sum for which the judgment was demanded plus interest to the commencement of the action exceeded $1,000, the appeal was properly taken to this court (*Mitchell* v. *Pike*, 17 Hun 142, see, e.g., *Josuez* v. *Conner*, 75 N. Y. 156). The subject check was certified and paid by plaintiff after defendant had delivered a written order to plaintiff to stop payment. The stop-payment order provided that the defendant was not to be liable on account of payment contrary to the order if such payment occurred "through inadvertence, accident or oversight." In our opinion, while the defendant has sufficiently shown that it has an arguable defense and that its default was not willful (cf. *Long Is. Trading Corp.* v. *Tuthill*, 243 App. Div. 617), nevertheless, since no proposed answer was submitted, the order should not be reversed (*Heller* v. *Ward*, 10 A D 2d 633). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.