■ STANLEY A. SCHUTZER, Respondent, v HARRY SUSS-KOLYER et al., Appellants, et al., Defendants.—In an action, *inter alia,* to recover the balance due on a certain loan, defendants Suss-Kolyer appeal from so much of an order of the Supreme Court, Kings County, dated April 21, 1976, as denied the branches of their motion which sought to vacate a default judgment entered in favor of plaintiff and against them, on May 15, 1975, and compel plaintiff-respondent to serve a complaint upon them. Order reversed insofar as appealed from, without costs or disbursements, the said branches of the motion are granted, and the default judgment is vacated. Plaintiff shall serve a complaint upon appellants within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry thereof. Appellants are the uncle and aunt of defendant George J. Scheidel, Jr., who was, individually and through his corporation Schi Realty Corp., indebted to plaintiff in a substantial sum. On October 10, 1972 Mr. Scheidel prevailed upon appellants to execute a guarantee, apparently on a new loan from plaintiff, in the form of a "mortgage note" for $20,000, wherein the obligor was Schi Realty Corp. and plaintiff was the obligee. It provided for monthly payments of $100, plus interest at the rate of 10%. As further security for this note, appellants executed a mortgage on their one-family home. Mr. Suss-Kolyer was a postal worker and his wife was not employed. They received no consideration for their execution of these documents. They did so solely as an accommodation for their nephew. On February 4, 1975 plaintiff, an attorney appearing *pro se,* commenced this action by service of a summons with notice for $31,883.50 on appellant Harry Suss-Kolyer; on April 2, 1975 substituted service of the summons was made on appellant Rita Suss-Kolyer. Appellants did not serve any notices of appearance and no complaint was served upon them. A default judgment was entered on May 15, 1975; the underlying affidavit of facts recited the $20,000 loan, as evidenced by the note, which, with interest, totaled $31,883.50. Appellants moved to vacate the judgment against them and the levy and execution based thereon. Their affidavits, and those of their nephew and his parents, assert, *inter alia,* that: (1) although the default in making installment payments allegedly occurred on November 10, 1973, the action was not commenced until February, 1975; (2) Mr. Scheidel advised appellants, when he failed to make certain payments on the note in the spring of 1973, that plaintiff told him that neither he nor appellants need be concerned so long as he paid plaintiff $500 per month as to this and the other obligations and that, pursuant thereto, he, Scheidel, did make cash payments, from May, 1973 to August, 1975, of $31,800; (3) plaintiff gave no receipts for such payments and Mr. Scheidel acquiesced therein because "plaintiff had [him] in such a vise that [he] had no alternative"; (4) when Mr. Suss-Kolyer was served in February, 1975, Mr. Scheidel advised appellants that plaintiff had told him that this was "just for protection and that he * * * should continue paying as much as he can and nothing would happen"; and (5) plaintiff called appellants "to confirm that [they] need not worry or be concerned about the Summons; that he and George J. Scheidel, Jr. are taking care of it." (The latter statement is not specifically controverted by plaintiff.) Considering the totality of the circumstances, appellants' default in their failure to serve notices of appearance was not willful, intentional or deliberate. In the interest of justice the judgment should be vacated and the default opened, so that there may be a trial on the merits (see *Rawson v Austin,* 49 AD2d 803). Further, the procedure followed for entry of the default judgment was improper. An attorney who is an active litigant on his own behalf cannot subscribe to an *affirmation* for the entry of

a judgment (CPLR 2106; *Fitzgerald v Willes,* 83 Misc 2d 853). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.