■ HCE ASSOCIATES, Respondent, v 3000 WATERMILL LANE REALTY CORP., Appellant.—In an action to permanently enjoin the defendant from extinguishing an easement, the defendant appeals from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered October 30, 1989, as compelled it to comply with the terms of a stipulation entered into in open court on June 21, 1984.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff moved by order to show cause to hold the defendant in contempt of court for failure to comply with a prior order of the court. The defendant contends that the court improvidently exercised its discretion by ordering it to comply with a stipulation between the parties dated June 21, 1984, upon the return of the order to show cause. We disagree.

The order to show cause included a general prayer for "such other, further and different relief as may be equitable". Generally, a notice of motion or order to show cause must state the relief demanded and the grounds therefor *(see,* CPLR 2214 [a]). The court may grant relief, pursuant to a general prayer contained in the notice of motion or order to show cause, other than that specifically asked for, to such extent as is warranted by the facts plainly appearing on the papers on both sides *(see, Thompson v Erie Ry. Co.,* 45 NY 468; *Kellogg v Commodore Hotel,* 187 Misc 319). It may do so if the relief granted is not too dramatically unlike the relief sought, and if the proof offered supports it and the court is satisfied that no one has been prejudiced by the formal omission to demand it

specifically (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:5 at 84). Whether to grant such relief is discretionary with the court *(see, Van Slyke v Hyatt,* 46 NY 259; *Randall v Randall,* 139 App Div 674, 676).

The defendant's argument that it was denied the right to fully litigate the issues relevant to the relief granted is spurious. The relief granted was to compel it to comply with a stipulation made in open court. This was the basis of a prior order made after litigating exactly those issues. Therefore, the defendant has not been prejudiced. Moreover, the defendant's history of compliance with court orders is such that in the interest of justice, the court's exercise of discretion in compelling it to comply with the stipulation, after hearing oral argument on the motion *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:23, at 100) was provident. Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.