■ GOBIND SINGH, Respondent, v HOBART CORPORATION, Appellant, et al., Defendant. [753 NYS2d 745] —In an action to recover damages for personal injuries based on products liability, the defendant Hobart Corporation appeals from an order of the Supreme Court, Queens County (Hart, J.), dated June 24, 2002, which directed it to produce a list of all the meat choppers it manufactured which have an opening at least $2\frac{1}{2}$ inches in diameter, and the designs thereof, and all accidents or claims against it with regard to such meat choppers.

Ordered that the order is modified, on the law, by deleting the provision thereof directing the appellant to produce a list

of all of the meat choppers it manufactured which have an opening of at least 2½ inches in diameter, and the designs thereof; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff sustained the amputation of all the fingers of his left hand, except his thumb, when his hand was caught in a meat chopper manufactured by the appellant. The plaintiff used the meat chopper in the course of his employment in a restaurant. The gravamen of the complaint was that the meat chopper's opening, which was at least 2½ inches in diameter, was defective, because there was a tendency, with an opening of that magnitude for the user to feed the meat chopper by hand, as opposed to using a "pusher" or feed stick.

The Supreme Court properly directed the appellant to produce a list of all accidents or claims involving meat choppers manufactured by the appellant, which contained openings of at least 2½ inches in diameter. In products liability cases, disclosure has been permitted with respect to other claims against the defendant similar in nature to that asserted by the plaintiffs, whether such claims were made before or after the plaintiffs' claim (*see Mestman v Ariens Co.*, 135 AD2d 516).

The Supreme Court erred, however, in directing the appellant to produce a list of all meat choppers which it manufactured containing an opening of at least 2½ inches in diameter, and the designs thereof. The plaintiff did not specifically seek such disclosure, nor did the plaintiff's motion to compel include a general prayer for "such other, further and different relief as may be equitable" (*cf. HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774). Feuerstein, J.P., Goldstein, H. Miller and Rivera, JJ., concur.