■ Armstrong Trading, Ltd., Respondent, v MBM Enterprises et al., Appellants. [815 NYS2d 689]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, by permission, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated January 27, 2005, as, sua sponte, (1) vacated an order of the same court dated October 3, 2003, granting their cross motion to vacate a judgment of the same court dated October 19, 2001, entered upon their default in appearing or answering the complaint, (2) denied their renewed motion to vacate the judgment, (3) reinstated the judgment, and (4) denied as academic their motion for summary judgment dismissing the complaint and the plaintiff's cross motion for partial summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the order dated October 3, 2003, is reinstated, the proposed answer annexed to the defendants' motion papers is deemed timely served, and the matter is remitted

to the Supreme Court, Kings County, for consideration of the defendants' motion for summary judgment dismissing the complaint and the plaintiff's motion for partial summary judgment.

The Supreme Court erred in sua sponte vacating its prior order dated October 3, 2003, granting the defendants' cross motion to vacate a judgment dated October 19, 2001, entered upon their default in appearing or answering the complaint. A trial court has the discretion to grant a motion to vacate its own order in the interest of justice (*see Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities*, 70 NY2d 831 [1987]; *56 Marquis v Mosello*, 239 AD2d 544 [1997]). Here, however, no motion was made and none of the circumstances set forth in CPLR 5015 (a) or 5019 (a) were applicable (*see Matter of McKenna v County of Nassau, Off. of County Attorney*, 61 NY2d 739, 742 [1984]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 589 [2002]; *Osamwonyi v Grigorian*, 220 AD2d 400 [1995]). Furthermore, the Supreme Court's stated lack of recollection as to the reasoning behind its determination did not constitute a sufficient reason for vacating its own order in the interest of justice (*cf. Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Block v Block*, 153 AD2d 601 [1989]; *Government Empls. Ins. Co. v Employers Commercial Union Ins. Co.*, 62 AD2d 123 [1978]). Accordingly, we reverse insofar as appealed from and reinstate the order dated October 3, 2003.

In the order dated October 3, 2003, the Supreme Court acted within its discretion in effectively permitting the defendants to renew their motion to vacate the judgment in order to attach a proposed answer (*see New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa.*, 16 AD3d 391 [2005]; *Critchfield v Lolubar Realty Corp.*, 23 AD2d 822 [1965]; *Fairfield County Trust Co. v A. M. D. G. Constr. Corp.*, 16 AD2d 653 [1962]). The Supreme Court then correctly granted the renewed motion, after previously finding, in its order dated January 30, 2002, a reasonable excuse for the default and a meritorious defense to the action (*see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Weekes v Karayianakis*, 304 AD2d 561 [2003]). A good faith belief in settlement, supported by substantial evidence, constitutes a reasonable excuse for default (*see Scarlett v McCarthy*, 2 AD3d 623 [2003]; *Lehrman v Lake Katonah Club*, 295 AD2d 322 [2002]; *Schutzer v Suss-Kolyer*, 57 AD2d 613 [1977]). Contrary to the contentions of the plaintiff, Armstrong Trading, Ltd. (hereinafter Armstrong), the decision of the judicial hearing officer, dated May 21, 2003, which found that there was no enforceable settlement

between the parties, did not include a finding as to the defendants' good faith belief that the matter was settled, or whether this was a reasonable excuse for default.

The Supreme Court did not consider the defendants' motion for summary judgment dismissing the complaint or Armstrong's cross motion for partial summary judgment, since its reinstatement of the default judgment rendered the motion and cross motion academic. In light of our determination, the Supreme Court must consider the motion and cross motion upon remittal.

Armstrong's remaining contentions are without merit. Florio, J.P., Ritter, Krausman and Covello, JJ., concur.