■ BARBARA J. WILLETTE, Appellant, v KEVIN J. WILLETTE, Respondent. [861 NYS2d 204]—

Peters, J.P. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered May 3, 2007 in Saratoga County, which

denied plaintiff's motion to enforce the terms of the parties' separation agreement.

In October 1998, while the parties were married, defendant withdrew $19,583.61 from his 401 (k) deferred compensation plan established with his then employer, Grand Union. Approximately six months later, the parties entered into a separation agreement which was incorporated, but not merged, into a subsequent judgment of divorce. As relevant here, the separation agreement provides that plaintiff is entitled to her *Majauskus* share of "all of the Grand Union Retirement and Pension Benefits that [defendant] has accrued."

In 2006, after defendant began receiving his monthly pension payment, plaintiff first learned of defendant's October 1998 withdrawal. Plaintiff then moved, by order to show cause, for "a monetary judgment in a principal amount equal to one-half of the October 1, 1998 *lump sum withdrawal* [d]efendant unilaterally took from his Grand Union 401-k Retirement Savings Plan, which was Marital Property and which withdrawal was concealed by said [d]efendant" (emphasis added). Supreme Court denied the motion, finding that, inasmuch as the withdrawn funds constituted marital property and were used to pay a marital debt, of which plaintiff received the benefit, she was not entitled to any portion of the withdrawn funds. Noting that plaintiff's application for relief was limited to her interest in the withdrawn funds, rather than the entire 401 (k) plan, the court did not reach the issue of whether defendant's 401 (k) constituted a "Grand Union Retirement and Pension Benefit[ ]" under the terms of the separation agreement. Plaintiff now appeals.

We affirm. In his affidavit in opposition to plaintiff's motion, defendant averred that he did, in fact, withdraw the funds from his 401 (k) plan and provided supporting documentation that he used such funds to pay a portion of the home equity loan taken on the marital residence during the marriage. Notably, plaintiff does not dispute this payment or its source. Inasmuch as defendant used marital funds to offset the home equity line of credit on the marital residence, which plaintiff received pursuant to the separation agreement, plaintiff is not entitled to receive one half of the October 1998 withdrawal because this would cause her to receive the benefit of these funds a second time (*see Lewis v Lewis*, 6 AD3d 837, 839 [2004]; *Elmore v Elmore*, 208 AD2d 1134, 1135 [1994]; *Richards v Richards*, 207 AD2d 628, 631 [1994]; *see generally Jonas v Jonas*, 241 AD2d 839, 840 [1997]).

Plaintiff also argues that Supreme Court abused its discretion in failing to consider the issue of whether she is entitled, under

the terms of the separation agreement, to a share of all funds within defendant's 401 (k) plan. As plaintiff concedes, however, the specific relief sought in the order to show cause and her supporting affidavit was limited to the propriety of defendant's October 1998 withdrawal. As the record before us reveals that the relief plaintiff now seeks was not requested in the order to show cause (*see* CPLR 2214 [a], [d]) and was improperly raised for the first time in her reply affidavit (*see N.A.S. Partnership v Kligerman*, 271 AD2d 922, 923 [2000]; *Potter v Blue Shield of Northeastern N.Y.*, 216 AD2d 773, 775 [1995]), we cannot conclude that the court abused its discretion in declining to consider it. Further, although the order to show cause contained a general prayer for "such other and further relief" as the court deems just and proper, whether to grant such relief is discretionary (*see Van Slyke v Hyatt*, 46 NY 259, 264 [1871]; *HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774, 774-775 [1991]). In light of, among other things, the sparsity of the record and plaintiff's failure to tender any proof to support her argument that defendant's 401 (k) plan is a "Grand Union Retirement and Pension Benefit[ ]" within the meaning of the language in the separation agreement, we find no abuse of discretion (*see Frankel v Stavsky*, 40 AD3d 918, 918-919 [2007]; *HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d at 774-775; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:5, at 84).

Spain, Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.