KEENAN MERRIWETHER, Respondent, v NAUBON D. OSBORNE et al., Appellants. [886 NYS2d 606]—

In an action to recover damages for personal injuries, the defendants separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated February 26, 2009, as, sua sponte, vacated a prior order of the same court dated May 22, 2007, granting the defendants' separate motions for summary judgment dismissing, inter alia, the complaint insofar as asserted against them and, sua sponte, in effect, vacated a judgment entered August 29, 2007, entered upon the order dated May 22, 2007, dismissing the complaint.

Ordered that on the Court's own motion the defendants' notices of appeal from the order dated February 26, 2009 are treated as applications for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated February 26, 2009, is reversed, on the law, and the order dated May 22, 2007, and the judgment are reinstated; and it is further,

Ordered that one bill of costs is awarded to the defendants.

By order dated May 22, 2007, the Supreme Court granted, apparently without opposition, the defendants' separate motions for summary judgment dismissing, inter alia, the complaint insofar as asserted against them, and a judgment dismissing the complaint was entered subsequently. Although the plaintiff was duly served with both the order and the judgment with notice of entry, he neither appealed nor moved to vacate. Nearly two years later, the Supreme Court, sua sponte, without explanation, vacated the order dated May 22, 2007, and, in effect, the judgment, and denied the defendants' motions for summary judgment.

On appeal, the defendants contend that the Supreme Court exceeded its authority in, sua sponte, vacating the order and, in effect, the judgment. We agree.

"A trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment" (*Adams v Fellingham*, 52 AD3d 443, 444-445 [2008]; *see Armstrong Trading, Ltd. v MBM Enters.*, 29 AD3d 835, 836 [2006]; *Matter of Owens v Stuart*, 292 AD2d 677, 678-679 [2002]; *cf. Liss v Trans Auto Sys.*, 68 NY2d 15, 20 [1986]). Here, the court exceeded its powers by its unexplained sua sponte attempt to reconsider the summary judgment motions anew almost two years after the case was dismissed by judgment (*see Matter of Owens v Stuart*, 292 AD2d at 679). Fisher, J.P., Florio, Angiolillo, Eng and Roman, JJ., concur.