■ Evelyn D. Carter et al., Appellants, v Phyllis B. Johnson, Respondent, et al., Defendant. [923 NYS2d 668]—

In an action, inter alia, for the partition of real property, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated September 14, 2010, as, upon denying a motion by the defendant Phyllis B. Johnson to vacate a judgment dated June 17, 2010, which is in favor of the plaintiffs and against her in the principal sum of $200,000, sua sponte "stayed and enjoined" execution of the judgment by sale of the subject property "for so long as defendant Johnson resides in the premises and until further order of the court;" and (2), as limited by their brief, from so much an order of the same court, dated December 12, 2010, as denied that branch of their motion which was for leave to renew.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, "stayed and enjoined" execution of the judgment by sale of the subject property "for so long as defendant Johnson resides in the premises and until further order of the court" is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated September 14, 2010, is reversed insofar as appealed from, on the law, and that portion of the order providing that the plaintiffs are "stayed and enjoined from executing the judgment by sale of [1235 Dean Street, Brooklyn, New York] for so long as defendant Johnson resides in the premises and until further order of this court" is vacated; and it is further,

Ordered that the appeal from the order dated December 12, 2010, is dismissed as academic in light of our determination of

the appeal from the order dated September 14, 2010, and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

During the course of this action, inter alia, for the partition of real property, the plaintiffs entered into a stipulation of settlement with the defendant Phyllis B. Johnson wherein Johnson agreed, among other things, to purchase the plaintiffs' share in the subject property. However, Johnson failed to tender performance, and the plaintiffs thereafter entered a judgment against her in the principal sum of $200,000. Johnson subsequently moved by order to show cause to vacate this judgment. In the resulting order, the Supreme Court denied vacatur, but sua sponte granted relief which was not requested by the movant, namely, it "stayed and enjoined [the plaintiffs] from executing the judgment by sale of [the subject property] for so long as defendant Johnson resides in the premises and until further order of this court."

Pursuant to CPLR 2214 (a), an order to show cause must state "the relief demanded and the grounds therefor." "The court may grant relief, pursuant to a general prayer contained in the . . . order to show cause, other than that specifically asked for, to such extent as is warranted by the facts plainly appearing on the papers on both sides" (*HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774, 774 [1991]).

In the case at bar, Johnson never requested the stay relief granted by the Supreme Court. Moreover, the order to show cause contained no general prayer for relief, and even requested that the Supreme Court "appoint[ ] a Judicial Hearing Officer . . . with regard to partitioning the property." Given such a request, the Supreme Court's decision to, in effect, grant to Johnson what was essentially a life estate in the property was not only unwarranted by the facts, but was inconsistent with the relief sought in the order to show cause (*see e.g. Hunter Sports Shooting Grounds, Inc. v Foley*, 73 AD3d 702, 705 [2010]; *Singh v Hobart Corp.*, 302 AD2d 444, 445 [2003]; *cf. Shaw v RPA Assoc., LLC*, 75 AD3d 634, 635 [2010]). It is also clear that this unrequested relief operated to the prejudice of the plaintiffs (*see HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774 [1991]). Accordingly, it was error to grant such relief.

In light of our conclusion herein, we need not reach the plaintiffs' remaining contentions, and their appeal from the denial of that branch of their motion which was denominated as leave to renew has been rendered academic. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.