■ EVELYN D. CARTER et al., Appellants, v PHYLLIS B. JOHNSON et al., Respondents. [973 NYS2d 650]—

In an action, inter alia, for the partition of certain real property, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated November 22, 2011, as, sua sponte, in effect, vacated so much of a prior order of the same court dated September 14, 2010, as denied the motion of the defendant Phyllis B. Johnson to vacate a judgment of the same court dated June 17, 2010, which was in favor of the plaintiffs and against her in the principal sum of $200,000, and thereupon restored that motion to the calendar, and added to the calendar the court's own motion to vacate the same judgment, and (2), as limited by their brief, from so much of an order of the same court dated March 5, 2012, as granted the motion of the defendant Phyllis B. Johnson to vacate the judgment dated June 17, 2010, and granted the court's own motion to vacate the same judgment.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated November 22, 2011, as, sua sponte, in effect, vacated so much of a prior order of the same court dated September 14, 2010, as denied the motion of the defendant Phyllis B. Johnson to vacate a judgment dated June 17, 2010, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated November 22, 2011, is reversed insofar as appealed from, on the law, so much of the order dated March 5, 2012, as granted the motion of the defendant Phyllis B. Johnson and granted the court's own motion to vacate the judgment dated June 17, 2010, is vacated, and the judgment dated June 17, 2010, is reinstated; and it is further,

Ordered that the appeal from so much of the order dated March 5, 2012, as granted the motion of the defendant Phyllis B. Johnson to vacate the judgment dated June 17, 2010, and granted the court's own motion to vacate the same judgment, is dismissed as academic in light of our determination on the appeal from the order dated November 22, 2011; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendant Phyllis B. Johnson.

During the course of this action, inter alia, for the partition of certain real property, the plaintiffs and the defendant Phyllis B. Johnson entered into a stipulation of settlement wherein Johnson agreed, among other things, to purchase the plaintiffs' share of the subject premises for $200,000. Johnson, however, failed to tender performance and the plaintiffs entered a judgment dated June 17, 2010, against her in the principal sum of $200,000.

On July 26, 2010, Johnson moved, by order to show cause, to vacate the judgment dated June 17, 2010. In an order dated September 14, 2010, the Supreme Court denied Johnson's motion to vacate the judgment. However the court also, in effect, sua sponte, granted Johnson a life estate in the property. The plaintiffs appealed from so much of the order dated September 14, 2010, as created the life estate. In a decision and order dated May 24, 2011, this Court reversed the order on the ground that such sua sponte relief "was not only unwarranted by the facts, but was inconsistent with the relief sought in the order to show cause" (*Carter v Johnson*, 84 AD3d 1141, 1142 [2011]).

Upon the return of the matter to the Supreme Court, and despite the fact that the plaintiffs had already entered the judgment dated June 17, 2010, from which Johnson had not appealed, Johnson moved, by order to show cause, for the appointment of a receiver, inter alia, to oversee partition of the property and distribute the proceeds, and for a stay of execution of the judgment pending resolution of her motion. The court granted the stay as requested in the order to show cause. The plaintiffs then moved to advance the return date of Johnson's motion. The court granted the plaintiffs' motion in part, advancing Johnson's motion, but not to the extent requested.

Although the papers submitted on Johnson's motion focused on whether a receiver should be appointed, upon considering the motion, the Supreme Court reviewed its file and, in an order dated November 22, 2011, determined that there were "numerous defects and errors" in the procedural history of the case which had led to the entry of a judgment which contained "a profound flaw." Thus, both "on the court's own motion" and, purportedly, pursuant to the general prayer for relief in the plaintiffs' order to show cause seeking to advance the return date of Johnson's motion, the court, in effect, vacated so much of the order dated September 14, 2010, as denied Johnson's motion to vacate the judgment and "restored and reinstated" that motion. In addition, the court "added" to the calendar "the court's motion to vacate the judgment" and invited further briefing on vacatur of the judgment.

Upon consideration of Johnson's restored motion to vacate the judgment and its own motion for the same relief, the court concluded, in an order dated March 5, 2012, that the judgment was "substantially unjust and manifestly inequitable." Accordingly, "on the court's own motion, in the interests of justice and within the court's inherent powers as a court of equity, and upon [Johnson's] motion to vacate the judgment," the court vacated the judgment dated June 17, 2010. The plaintiffs appeal from the orders dated November 22, 2011, and March 5, 2012.

Pursuant to CPLR 5015 (a), a court may relieve a party from an order or judgment, but only *"on motion* of [an] interested person" and *"with such notice* as the court may direct" (CPLR 5015 [a] [emphasis added]; *see Armstrong Trading, Ltd. v MBM Enters.*, 29 AD3d 835, 836 [2006]). " 'Pursuant to CPLR 5019 (a), a trial court has the discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party, or is inconsistent with the decision upon which it is based. However, a trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment' " (*JSO Assoc., Inc. v Price*, 104 AD3d 737, 738 [2013], quoting *Adams v Fellingham*, 52 AD3d 443, 444 [2008]; *see Menardy v Gladstone Props., Inc.*, 100 AD3d 840, 842 [2012]; *Merriwether v Osborne*, 66 AD3d 851, 852 [2009]; *Armstrong Trading, Ltd. v MBM Enters.*, 29 AD3d 835, 836 [2006]; *see generally Tirado v Miller*, 75 AD3d 153, 158-160 [2010]). Likewise, while a court "may grant relief, pursuant to a general prayer contained in the notice of motion or order to show cause, other than that specifically asked for, to such extent as is warranted by the facts plainly appearing [in] the papers on both sides," it may do so only "if the relief granted is not too dramatically unlike the relief sought, and if the proof offered supports it and the court is satisfied that no one has been prejudiced by the formal omission to demand it specifically" (*Nehmadi v Davis*, 95 AD3d 1181, 1184 [2012] [internal quotation marks omitted]; *see Carter v Johnson*, 84 AD3d at 1142; *HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774 [1991]).

Here, Johnson sought only a stay of execution of the judgment and the appointment of a receiver to oversee partition of the subject premises and included no general prayer for relief in her order to show cause. Moreover, even if Johnson's motion had contained a general prayer for relief, the relief granted would have been wholly unrelated to the relief Johnson sought. Likewise, the relief sought by the plaintiffs in their motion to advance the return date of Johnson's motion was wholly unre-

lated to the relief granted by the court in the order dated November 22, 2011 (*see Carter v Johnson*, 84 AD3d at 1142; *cf. Nehmadi v Davis*, 95 AD3d at 1184; *HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d at 774). In addition, the plaintiffs had no opportunity to submit argument regarding the propriety of that relief, which was, in any case, not warranted by the facts (*see* CPLR 5015 [a]; 5019 [a]). Accordingly, the Supreme Court improperly, sua sponte, in effect, vacated so much of its prior order dated September 14, 2010, as denied Johnson's prior motion to vacate the underlying judgment and restored the motion to its calendar (*see JSO Assoc., Inc. v Price*, 104 AD3d at 738; *Menardy v Gladstone Props., Inc.*, 100 AD3d at 842; *Merriwether v Osborne*, 66 AD3d at 852; *Adams v Fellingham*, 52 AD3d at 444-445; *Armstrong Trading, Ltd. v MBM Enters.*, 29 AD3d at 836). Eng, P.J., Rivera, Hall and Lott, JJ., concur.