Howell v City of New York (2018 NY Slip Op 07178)





Howell v City of New York


2018 NY Slip Op 07178


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Friedman, J.P., Kapnick, Webber, Oing, Moulton, JJ.


7459 16006/06

[*1]Jay Howell, etc., Plaintiff-Appellant, James Howell, et al., Plaintiffs,
v
The City of New York, et al., Defendants-Respondents.


Law Offices of Daniel A. Thomas, P.C., New York (Daniel A. Thomas of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jane L. Gordon, of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about April 13, 2017, which denied plaintiff Jay Howell's motion for leave to enter judgment for, in effect, interest from decision to judgment, pursuant to CPLR 5002, sua sponte vacated its decision (denominated an order), entered January 30, 2015 and its order entered April 7, 2015, and sua sponte reinstated a judgment entered January 24, 2014, unanimously modified, on the law, to delete the provisions vacating the decision entered January 30, 2015 and the order entered April 7, 2015 and reinstating the judgment entered January 24, 2014, and, as so modified, affirmed, without costs.
Initially, we agree with plaintiff that Supreme Court exceeded its authority in sua sponte vacating its prior decision and prior order and reinstating the 2014 judgment. "[A] trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment" (Adams v Fellingham, 52 AD3d 443, 444 [2d Dept 2008]). Although "a court may grant relief[] pursuant to a general prayer contained in the notice of motion . . . " (Carter v Johnson, 110 AD3d 656, 658 [2d Dept 2013] [internal quotation marks omitted]), no such clause was contained in plaintiff's notice of motion. In the absence of any cross motion from the defendants, or any other kind of request for vacatur of the court's prior order decision and prior order and reinstatement of the prior judgment, the court erred in doing so on its own initiative.
Nonetheless, we agree that plaintiff is not entitled to pre-judgment interest. Once defendants failed to timely pay all sums due to plaintiff within ninety days of his tender of the requisite settlement documents (see CPLR 5003-a[b]), plaintiff was entitled to a judgment "for the amount set forth in the release, together with costs and lawful disbursements, and interest on the amount set forth in the release from the date that the release and stipulation discontinuing action were tendered" (CPLR 5003-a[e]). The parties no longer dispute that defendants did not timely pay plaintiff, they have stipulated to the amount of costs, disbursements, and interest plaintiff is due, and defendants have paid plaintiff that sum. Plaintiff is therefore not entitled to any further relief or monetary award.
Further, CPLR 5003-a(e) is specific about what may be contained in a judgment against a settling defendant who has not timely paid a plaintiff his settlement proceeds. Given the absence in that provision of any reference to prejudgment interest, there is no basis for departing from the "irrefutable inference ... that what is omitted or not included was intended to be omitted or excluded" (McKinney's Cons Laws of NY, Book 1, Statutes § 240).
We reject plaintiff's argument that the term "interest," as used in the stipulation of settlement, is unclear. Given that plaintiff was not entitled to postjudgment interest - or, for that matter, a judgment - at the time that he executed the stipulation of settlement, "interest" could [*2]not have referred to anything other than prejudgment interest. Coupled with his allocution to the settlement and the subsequent stipulation that no further costs or sanctions would be sought, we find that plaintiff unambiguously waived any right he may have had to pre-judgment interest.
Finally, since the parties have already stipulated that any judgment plaintiff was authorized by CPLR 5003-a(e) to enter has already been satisfied, and the record and briefs confirm that plaintiff has been paid all monies due to him, there is no need to grant plaintiff leave to enter a new judgment in place of the 2014 judgment.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK