U.S. Equities Corp., Appellant,
against
Stella Anene, Respondent. 




Linda Strumpf of counsel, for appellant.
Stella Anene, respondent pro se.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered April 28, 2017. The order, upon a motion by defendant to compel Citibank, a nonparty, to comply with a prior order of that court (Michael Gerstein, J.) entered April 17, 2017, sua sponte, vacated an August 28, 2015 judgment of that court entered upon defendant's failure to comply with a stipulation of settlement, and all restraining notices and income executions, directed plaintiff and Citibank to release to defendant all funds being held, and restored the matter to the calendar.




ORDERED that, on the court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order is reversed, without costs, the provisions in the order vacating the judgment and all restraining notices and income executions, directing plaintiff and Citibank to release to defendant all funds being held, and restoring the matter to the calendar are stricken, and the motion by defendant to compel Citibank to comply with the April 17, 2017 order is denied.
In this action to recover for breach of a credit agreement, a default judgment was entered on February 6, 2001 against defendant in the sum of $15,537.68. In 2014, defendant moved to [*2]vacate the default judgment, and the parties entered into a stipulation of settlement on January 21, 2014 wherein the judgment was vacated and defendant was required to make installment payments of $50 per month until the balance due was paid in full. In the event of a default by defendant, plaintiff, upon service of a notice to cure, could enter judgment for the relief requested in the complaint. The stipulation of settlement was signed by both parties and bore the stamp of the court. After defendant defaulted in making the installment payments pursuant to the stipulation of settlement, plaintiff served a notice advising defendant of the default and sought to enter the judgment. A judgment was entered on August 28, 2015 in the total sum of $29,640.90 and defendant's garnishable bank accounts were frozen. In April of 2017, defendant moved to vacate the August 28, 2015 judgment, liens and income executions. By order dated April 17, 2017, the Civil Court (Michael Gerstein, J.) granted the motion only to the extent of vacating any account execution as may affect statutorily exempt monies. Thereafter, defendant moved by order to show cause to compel Citibank to comply with the court's April 17, 2017 order. By order dated April 28, 2017, the Civil Court (Cenceria P. Edwards, J.) disposed of the motion by, sua sponte, vacating the judgment and all restraining notices and income executions, directing plaintiff and Citibank to release to defendant all funds being held, and restoring the matter to the calendar.
While no appeal from the court's sua sponte order exists as of right (see CCA 1702 [a] [2], [3]; Sholes v Meagher, 100 NY2d 333, 335 [2003], we deem plaintiff's notice of appeal to be an application for leave to appeal and grant such leave (see CCA 1702 [c]).
We note that defendant's motion sought only an order compelling Citibank to comply with the court's April 17, 2017 order. It did not seek to vacate the judgment, and there is no indication that the motion was served upon Citibank. Moreover, defendant's moving papers neither offered any reason for why she had not complied with the stipulation nor set forth any ground for vacating it. The stipulation was clear and unambiguous, and was signed by defendant. Notwithstanding the foregoing, the Civil Court, without any basis therefor, sua sponte, vacated the judgment, among other things, and restored the matter to the calendar. As defendant's motion to compel Citibank to comply with the April 17, 2017 order was never served on Citibank, the motion should simply have been denied.
Accordingly, the order is reversed, the provisions in the order vacating the judgment and all restraining notices and income executions, directing plaintiff and Citibank to release to defendant all funds being held, and restoring the matter to the calendar are stricken, and the motion by defendant to compel Citibank to comply with the April 17, 2017 order is denied.
PESCE, P.J., and SIEGAL, J., concur.
WESTON, J., concurs in the following memorandum:
While I agree with the majority's decision, I write separately to elaborate further on what I consider to be significant issues in this case. Defendant moved by order to show cause to compel [*3]nonparty Citibank to comply with the Civil Court's order of April 17, 2017. Indicating that it had reviewed the file, the court sua sponte vacated the judgment and all restraining notices and income executions against defendant under the mistaken belief that a valid stipulation of settlement did not exist.[FN1]
However, after a careful review of the court file on appeal, it is evident that an original, properly executed stipulation of settlement did exist. Thus, there was no basis to vacate the judgment.

While a court has broad powers to grant sua sponte relief, such relief should be used sparingly and always on notice. CPLR 5015 (a) allows a court to relieve a party from an order or

judgment, but only on motion. While CPLR 5019 (a) gives a trial court the "discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial

right of a party . . . , a trial court has no revisory or appellate jurisdiction [ ] to vacate its own order or judgment" (see Carter v Johnson, 110 AD3d 656, 658 [2013] [internal quotation marks omitted]).

Here, defendant sought only to compel a nonparty (Citibank) to release any exempt funds in accordance with the April 17, 2017 order. Defendant did not seek to vacate the judgment, and although the order to show cause contained a general prayer for relief, the relief that was granted is wholly unrelated to the relief sought. In addition, plaintiff had no opportunity to submit arguments regarding the propriety of that relief (see CPLR 5015 [a]; 5019 [a]). Accordingly, it was improper for the Civil Court to vacate the judgment and restore the case to its calendar sua sponte (see JSO Assoc., Inc. v Price, 104 AD3d 737 [2013]; Menardy v Gladstone Props., Inc., 100 AD3d 840 [2012]; Merriwether v Osborne, 66 AD3d 851 [2009]; Adams v Fellingham, 52 AD3d 443 [2008]; Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835 [2006]).

ENTER:

Paul Kenny

Chief Clerk

Decision Date: October 11, 2019



Footnotes

Footnote 1: Although plaintiff's papers contained a copy of the stipulation, defendant's signature on that copy was barely visible.