Brown-Wilks v Vornado Realty Trust (2020 NY Slip Op 02915)





Brown-Wilks v Vornado Realty Trust


2020 NY Slip Op 02915


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-09655
2018-09656
 (Index No. 30299/09)

[*1]Paulette Brown-Wilks, appellant, et al., plaintiff,
v
Vornado Realty Trust, et al., respondents.


Roach Bernard, PLLC, Valley Stream, NY (Seidia R. Bernard of counsel), for appellant.
Chasan Lamparello Mallon & Cappuzzo, P.C., New York, NY (Mitchell L. Pascual of counsel), for respondents Vornado Realty Trust and Green Acres Mall, LLC.
Furman Law Offices, LLC, Woodbury, NY (Richard L. Furman of counsel), for respondent Johnson Controls, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff Paulette Brown-Wilks appeals from (1) an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered April 20, 2018, and (2) an amended order of the same court entered June 5, 2018. The order entered April 20, 2018, sua sponte, vacated an amended order of the same court entered May 1, 2017. The amended order entered June 5, 2018, sua sponte, vacated the amended order of the same court entered May 1, 2017, and thereupon, denied the prior motion of the plaintiff Paulette Brown-Wilks, in effect, to enforce a settlement agreement, which had been granted, in part, in the amended order entered May 1, 2017.
ORDERED that the appeal from the order entered April 20, 2018, is dismissed, as that order was superseded by the amended order entered June 5, 2018; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from the amended order entered June 5, 2018, is deemed to be an application for leave to appeal from so much of the amended order entered June 5, 2018, as, sua sponte, vacated the amended order entered May 1, 2017, and leave to appeal from that portion of the amended order entered June 5, 2018, is granted (see CPLR 5701[c]); and it is further,
ORDERED that the amended order entered June 5, 2018, is reversed, on the law, the order entered April 20, 2018, is vacated, and the amended order entered May 1, 2017, is reinstated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Paulette Brown-Wilks payable by the respondents appearing separately and filing separate briefs.
Absent a motion or appropriate circumstances, the Supreme Court erred in sua sponte vacating a prior amended order and purporting to render a new determination on the motion it had determined in that prior amended order (see Carter v Johnson, 110 AD3d 656, 658-659; Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835, 836), particularly given that an appeal was taken from that prior amended order (see Herpe v Herpe, 225 NY 323, 327; Matter of Rospigliosi v Abbate, 31 AD3d 648, 650).
The remaining contentions are academic in view of our determination.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court