Matter of Sterling Natl. Bank v Freidman (2022 NY Slip Op 00832)





Matter of Sterling Natl. Bank v Freidman


2022 NY Slip Op 00832


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Shulman, Higgitt, JJ. 


Index No. 160715/17 Appeal No. 15257-15257A Case No. 2020-04787, 2020-04802 

[*1]In the Matter of Sterling National Bank, Petitioner-Appellant,
v
Evgeny Freidman, et al., Respondents, Citibank, N.A., Respondent-Respondent.


Chipman Brown Cicero & Cole, LLP, New York (Adam David Cole of counsel), for appellant.
Zeichner Ellman & Krause LLP, New York (Jantra Van Roy of counsel), for Citibank, N.A., respondent.



Judgment, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 9, 2020, to the extent appealed from as limited by the briefs, denying petitioner'smotion for a summary determination that its interest in certain collateral consisting of limited liability companies (the Real Estate Entities), included the Real Estate Entities' underlying real property, and declining to void respondentCitibank's levies of attachment on the underlying real property, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about June 15, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court correctly determined that petitioner's collateral, i.e., its perfected security interest in the Real Estate Entities, did not extend directly to the real property owned by the Real Estate Entities. As defined in the petition, petitioner's collateral consists of its secured interest in the Real Estate Entities themselves, pursuant to its agreement with respondent Evgeny Freidman. That interest is personal property, not the underlying real property (see Limited Liability Company Law § 601).
Petitioner's reliance on Matter of Gilklad v Chernoi (129 AD3d 604 [1st Dept 2015], lv denied 26 NY3d 918 [2016]) and Kassover v Prism Ventures Partners, LLC (2017 NY Slip Op 31933[U] [Sup Ct, NY County 2017], affd 169 AD3d 525 [1st Dept 2019]) for the proposition that it owned the properties as part of its collateral is misplaced. Neither of those cases involved an interest pursuant to a perfected security interest in a limited liability company. Rather, they involved judgment creditors who had direct liens on property (Matter of Gilklad, 129 AD3d 604 [personal property]; Kassover, 2017 NY Slip Op 31933[U] [real property]. Moreover, we take judicial notice of the motion court's subsequent order deciding petitioner'smotion to reargue, in which the court clarified that, as shareholder of the Real Estate Entities, petitionerwould be entitled to sell the underlying properties and take money from the sale, subject to the interests of any creditors.
The motion court also correctly declined to void the attachment levies filed by Citibank against the real property held by the Real Estate Entities. Pursuant to CPLR 5239, petitionersought, among other things, a determination that its interest in its collateral took priority over other parties' interests in the same collateral. It did not seek to void the creditors' liens (see generally Carter v Johnson, 110 AD3d 656, 658 [2d Dept 2013]). Moreover, the validity of Citibank's attachment liens is currently the subject of an action, in which petitioner has intervened, to determine whether the Real Estate Entities were Evgeny Freidman's alter egos (Citibank, N.A. v East 65th Street Owners LLC, [NY CountyIndex No. 651089/2019]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND [*2]ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022