Newburgh Commercial Dev. Corp. v Cappelletti (2023 NY Slip Op 02670)

Newburgh Commercial Dev. Corp. v Cappelletti

2023 NY Slip Op 02670

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-08506 
2021-01910
 (Index No. 8749/19)

[*1]Newburgh Commercial Development Corp., et al., appellants, et al., plaintiff,
v
Vincent Cappelletti, respondent.

Wichler & Gobetz, P.C., Suffern, NY (Kenneth C. Gobetz of counsel), for appellants.
Anthony J. Centone, P.C., White Plains, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs Newburgh Commercial Development Corp., Real Holding Corp., Real Management Corp., NY, Victor Cappelletti, Christine Cappelletti, Caitlyn Ryan, and William Cappelletti, appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated October 20, 2020, and an order of the same court dated February 22, 2021. The order dated October 20, 2020, insofar as appealed from, sua sponte, directed, inter alia, those plaintiffs to "prepare and exchange" settlement documents and appear at either a closing or a court conference with satisfactory documents in conformance with a prior order of the same court dated April 15, 2020. The order dated February 22, 2021, sua sponte, directed those plaintiffs, among other things, to pay the defendant 27% of all profits earned by the plaintiffs Newburgh Commercial Development Corp., Real Holding Corp., and Real Management Corp., NY, until further order of the court or the closing documents contemplated by an agreement entered into the parties in March 2019 are executed.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated October 20, 2020, as, sua sponte, directed, inter alia, the plaintiffs Newburgh Commercial Development Corp., Real Holding Corp., Real Management Corp., NY, Victor Cappelletti, Christine Cappelletti, Caitlyn Ryan, and William Cappelletti to "prepare and exchange" settlement documents and appear at either a closing or a court conference with satisfactory documents in conformance with a prior order of the same court dated April 15, 2020, is deemed to be an application for leave to appeal from that portion of the order dated October 20, 2020, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that on the Court's own motion, the notice of appeal from the order dated February 22, 2021, is deemed to be an application for leave to appeal, and leave to appeal is granted (see id.); and it is further,
ORDERED that the order dated October 20, 2020, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and the portion of that order which, sua sponte, directed, inter alia, the plaintiffs Newburgh Commercial Development Corp., Real Holding Corp., [*2]Real Management Corp., NY, Victor Cappelletti, Christine Cappelletti, Caitlyn Ryan, and William Cappelletti to "prepare and exchange" settlement documents and appear at either a closing or a court conference with satisfactory documents in conformance with a prior order of the same court dated April 15, 2020, is vacated; and it is further,
ORDERED that the order dated February 22, 2021, is reversed, on the facts and in the exercise of discretion; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs Newburgh Commercial Development Corp., Real Holding Corp., Real Management Corp., NY, Victor Cappelletti, Christine Cappelletti, Caitlyn Ryan, and William Cappelletti.
In November 2019, the plaintiffs Newburgh Commercial Development Corp., Real Holding Corp., Real Management Corp., NY (hereinafter collectively the plaintiff corporations), Victor Cappelletti, Christine Cappelletti, Caitlyn Ryan, and William Cappelletti (hereinafter collectively with the plaintiff corporations, the appealing plaintiffs), with the plaintiff Jeanmarie Cappelletti (hereinafter collectively with the appealing plaintiffs, the plaintiffs), commenced this action against the defendant, alleging breach of contract and seeking, inter alia, specific performance of a contract and a declaratory judgment that certain disputed provisions of a proposed note and mortgage are enforceable pursuant to the terms of an agreement entered into by the parties in March 2019 (hereinafter the March 2019 Agreement). The defendant, inter alia, asserted counterclaims seeking a judgment declaring that the disputed provisions of the proposed note and mortgage are not enforceable, and that the provision from the note and mortgage to be executed pursuant to the March 2019 Agreement and a final stipulation of settlement would not in any way restrict his right to transfer or assign it. The defendant also sought dismissal of the complaint and money damages arising out of the plaintiffs' alleged breach of the March 2019 Agreement.
In an order dated April 15, 2020 (hereinafter the April 2020 order), the Supreme Court granted the defendant's motion, inter alia, for summary judgment declaring that the disputed provisions of the proposed note and mortgage are not enforceable. The court also entered a judgment against the plaintiffs in favor of the defendant. In related appeals, the appealing plaintiffs appealed from the April 2020 order and the judgment (see Newburgh Commercial Dev. Corp. v Cappelletti, _____ AD3d _____ [Appellate Division Docket No. 2020-04188; decided herewith]; Newburgh Commercial Dev. Corp. v Cappelletti, _____ AD3d _____ [Appellate Division Docket No. 2020-04756; decided herewith]). Thereafter, the appealing plaintiffs moved to discharge restraining orders obtained by the defendant to enforce the judgment in his favor, which restraining orders restricted the bank accounts of the plaintiff corporations. As relevant to the appeal, in an order dated October 20, 2020 (hereinafter the October 2020 order), the court granted the motion of the appealing plaintiffs but, sua sponte, directed the appealing plaintiffs to prepare notes and mortgages and other "[n]ecessary documents" within 20 days of the October 2020 order, and to either schedule a closing or appear for a conference in court on November 25, 2020, "with the documents in hand." The court thereafter, sua sponte, issued an order dated February 22, 2021 (hereinafter the February 2021 order), directing that, beginning on March 1, 2021, and continuing on the first business day of each month thereafter, the appealing plaintiffs were to, inter alia, pay to the defendant 27% of all corporate profits retroactive to April 1, 2019, until further order of the court or execution of signed closing documents. The appealing plaintiffs appeal from the sua sponte portions of the October 2020 order and from the February 2021 order.
We deem the notices of appeal from the, sua sponte, February 2021 order, and from so much of the October 2020 order as, sua sponte, directed the plaintiffs to prepare the documents and to either schedule a closing or appear in court with the subject documents, to be applications for leave to appeal, and grant leave to appeal (see CPLR 5701[a][2]; [c]; Sholes v Meagher, 100 NY2d 333, 335; P.S. Fin., LLC v Eureka Woodworks, Inc., _____ AD3d _____, 2023 NY Slip Op 00877 [2d Dept]).
The Supreme Court should not have, sua sponte, directed the plaintiffs to prepare documents for a closing and to schedule a closing, or to pay to the defendant 27% of the profits of [*3]the plaintiff corporations. "Generally, a court may, in its discretion, grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (Matter of Catherine Commons, LLC v Town of Orangetown, 157 AD3d 785, 786 [internal quotation marks omitted]; see Carter v Johnson, 110 AD3d 656, 658). Here, no party sought the relief granted, which could be prejudicial to the appealing plaintiffs (see Matter of Wyche v Haywood-Diaz, 206 AD3d 748, 750).
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court