Caesar v Metropolitan Transp. Auth. (2024 NY Slip Op 03807)

Caesar v Metropolitan Transp. Auth.

2024 NY Slip Op 03807

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-02089
 (Index No. 701358/19)

[*1]Alvin Caesar, respondent, 
v
Metropolitan Transportation Authority, et al., defendants, New York City Transit Authority, appellant.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
Raphaelson & Levine Law Firm, P.C., New York, NY (Jared B. Dubin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered February 23, 2023. The order denied the motion of the defendant New York City Transit Authority pursuant to CPLR 5015(a) to vacate an order of the same court dated May 29, 2020, granting the plaintiff's motion for leave to amend the amended complaint so as to add New York City Transit Authority as a defendant.
ORDERED that the order entered February 23, 2023, is affirmed, with costs.
The plaintiff allegedly was injured on May 8, 2018, when he was struck by the door of a vehicle owned and operated by the Metropolitan Transportation Authority (hereinafter the MTA). On January 17, 2019, the plaintiff commenced an action against the MTA to recover damages for personal injuries. The plaintiff amended the complaint to add "John Doe, first and last names being fictitious," as a defendant representing the driver of the vehicle. Following discovery, on February 27, 2020, the plaintiff moved for leave to amend the amended complaint to add New York City Transit Authority (hereinafter NYCTA) as a defendant. By order dated May 29, 2020, the Supreme Court granted the motion. Thereafter, NYCTA moved pursuant to CPLR 5015(a)(4) to vacate the order dated May 29, 2020. The court denied the motion and, inter alia, found that "[w]hile NYCTA includes the statute of limitations in its answer as an affirmative defense, defendant is required to move pursuant to CPLR 3211 and has failed to do so." NYCTA appeals.
The Supreme Court was not required to grant relief upon grounds other than that requested by NYCTA in its notice of motion and argued by the parties. While "[a] court may grant relief not specifically requested in the notice of motion, pursuant to a general prayer for relief contained in the notice of motion, if the relief is warranted by the facts plainly appearing on the papers on both sides, and if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (Robert v Azoulay Realty Corp., 209 AD3d 781, 784-785 [internal quotation marks omitted]; see Newburgh Commercial Dev. Corp. v Cappelletti, 216 AD3d 978, 981), "[w]hether to grant such relief is discretionary with the court" [*2](HCE Assoc. v 3000 Watermill Lane Realty Corp., 173 AD2d 774, 775; see Van Slyke v Hyatt, 46 NY 259, 264; Willette v Willette, 53 AD3d 753, 754-755).
Under the circumstances of this case, it cannot be said that the Supreme Court improvidently exercised its discretion by declining to direct dismissal of the complaint pursuant to CPLR 3211(a) (see Van Slyke v Hyatt, 46 NY at 264; Newburgh Commercial Dev. Corp. v Cappelletti, 216 AD3d at 981).
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court